PATRICK HOPKINS *vs.* THOMAS O'LEARY.

Suffolk.	March 12, 1900. — May 23, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Due Care — Assumption of Risk — Duty of Employer to provide Safe Place for Employee — Questions for Jury — Instructions refused but covered by Charge.*

At the trial of an action for personal injuries occasioned to the plaintiff by an explosion of dynamite in a trench in which he was working at shovelling and picking, there was evidence tending to show that a series of holes had been drilled in the rock which the defendant was excavating, and they had been charged with dynamite and exploded by a battery; that the dynamite in one of the holes failed to explode, and that a companion of the plaintiff, who was afterwards set to work there, struck it with his pick and caused an explosion; that the defendant knew, or ought to have known, that when a charge is set off the dynamite in one or more of the holes sometimes fails to explode, and the jury might have found that it was his duty carefully to inspect the holes, or cause them to be inspected, before setting laborers to work there shovelling and picking after a blast. There was evidence to warrant a finding that through the negligence of the defendant, or of some one representing him, no sufficient or proper inspection was made. The plaintiff testified that at half-past nine o'clock on the day of the accident, which occurred at about half-past two o'clock, the defendant told him to go to

work in this place and that everything was all right. He had good reason to believe that the place was safe, and he was in the exercise of due care. *Held,* that the evidence warranted a verdict for the plaintiff.

While the employee assumes the obvious risks of the business, he does not assume the risk from the failure of the employer, either personally or through a super-intendent, to perform the ordinary duties of an employer in providing against unnecessary or concealed dangers in places in which laborers are set to work; and the jury are rightly permitted to pass upon the question whether the employer was negligent in this particular.

There is no ground of exception to the refusal to give instructions, if, so far as they are founded on correct principles of law, and are applicable to the facts, they are covered by the charge.

TORT, for personal injuries occasioned to the plaintiff on February 4, 1897, by an explosion of dynamite in a trench in which he was working at shovelling and picking. The declaration was at common law. At the trial in the Superior Court, before *Blodgett,* J., the defendant requested the judge to instruct the jury as follows :

" 1. There is no evidence which entitles the plaintiff to recover under the first count of his declaration. 2. There is no evidence which entitles the plaintiff to recover under the second count of his declaration. 9. The place furnished by the defendant was not dangerous ; he furnished the public street where the excavation was to be made ; it was, when furnished by him, safe ; if it became dangerous during the progress of the work through the want of care of a fellow servant, the defendant cannot be held liable therefor. 11. If the plaintiff's injury was due to an accident, the defendant cannot be held liable therefor. 15. The defendant owed the plaintiff no duty to warn him of every short-lived or transitory risk. 17. The obligation of the defendant to provide a reasonably safe place where the plaintiff could perform his work did not require the defendant to keep the premises where the work was going on in a safe condition at every moment during the work, as far as its safety depended on the due performance of that work by the employees. 19. If, on the evidence, you find that had an inspection been made by the defendant personally after the blast had been fired, and before the accident occurred, which inspection, if conducted with due care, would not have disclosed the presence of dynamite in the trench, or in any way indicated to the defendant that dynamite was liable to be there, this action cannot be maintained merely

because the defendant did not personally make such an inspection. 20. If, on the evidence, it appears that Haggerty was a competent man for the blasting work, that he made an inspection of the spot where the blast was fired after the blast was exploded and before the accident, and that his inspection was made with due care and disclosed no dynamite there, the defendant cannot be held liable merely because the inspection was made by Haggerty and not by the defendant, provided you find that if both the defendant and Haggerty had inspected the place where the blast was set off at said time, they would have both reached the same conclusion that Haggerty reached."

The judge refused to give these instructions, and the defendant duly excepted. The judge instructed the jury, among other things, as follows:

" The employer does not guarantee the safety of those who are in his employ, and from the fact that a workman is injured while doing the work which he is set to do, and while in the exercise of proper care for his own safety, no inference can be drawn by a jury that his employer was at all in fault. On the contrary, the general rule of law in this case, and in all other cases of a similar kind, is that the servant, the employee, takes upon himself the obvious risks of the employment. . . . But while it is true that the servant takes upon himself the obvious risks of the business, there are certain other things which he does not take upon himself, and there are certain duties which the law imposes upon the employer.

" One of the things which the law requires the employer to do is to use reasonable care in the selection of the employees, the servants, who are to work together. . . . In this case, there is no evidence of any failure on the part of the defendant in the performance of his duty in this respect.

" While the employer is not an insurer of the safety of his workmen, he is required to use reasonable care to provide a suitable and safe place in which the work may be done, to provide suitable materials, suitable apparatus, suitable machinery, and so forth. . . .

" The plaintiff says that he had been in the employ of the defendant for a considerable time doing a certain class of work; that he was not employed in blasting, in drilling holes; he was

not one of the men under the care or charge of Haggerty or Carroll, [who had charge of the blasting with Haggerty,] but that he was employed as a common laborer, using a pick or shovel, or whatever might be requisite for use, in removing from the trench stone and earth, after a blast had been made. He says that at a certain time, and perhaps so far there is no dispute, he with others came to the place where the work was going on, and were told by the defendant not to go into the trench or excavation until a blast was made. He admits that he knew that dynamite cartridges were used in the blasting at this place. He had seen them. He says that having received this notice from the defendant to keep away from the work until the cartridges were exploded, he and others who were doing work similar to his remained away until the explosion took place. He says that after the explosion he was notified by the defendant to go to work. . . .

" Now, the contention of the plaintiff is that the defendant either knew, or in the exercise of reasonable care would have known, that in the use of dynamite for blasting purposes it sometimes happens that a cartridge does not explode ; and that the defendant knew, or should have known, — for negligent ignorance is the equivalent of actual knowledge, — that if a cartridge failed to explode and was left in the rock or ledge, and that then persons went to work with bars, or picks, or shovels, or other implements, there was danger of the exploding of that cartridge and of injury to those who were at work in the immediate vicinity of where the cartridge was. The plaintiff says, therefore, in view of the general rule of law that the employer is to use reasonable care in providing a safe and suitable place in which the employee is to do his work, that with the knowledge which the defendant had, or should have had, and. which upon the evidence you may find he should have had, the defendant was chargeable with the exercise of reasonable care to prevent injury to the plaintiff by reason of the failure of a cartridge to explode at the time when an attempt is made to explode all the cartridges. And the contention of the plaintiff is that before men like him were set to work in the trench where the blast had been made, suitable inspection and examination should be made to ascertain whether there were cartridges

which had not exploded, and if there were such cartridges, that proper action should be taken to prevent an explosion which might cause injury to those who were working in the trench after the attempt was made to explode all the cartridges. . . . The duty on the part of the employer to use reasonable care for the safety of his workman in this respect is absolute, and must be performed. If the employer delegates it, as he may delegate it, to others, then if those to whom this power is delegated, and who are instructed to make the examination, for instance, in the case I have supposed, fail in the performance of their duty, the employer is responsible. . . .

" I said to you that . . . there is no evidence from which you will be justified in finding that Haggerty or Carroll, or both, were not competent men for the work they were set to do.

" Was it reasonable, after the blast was made, that some inspection and examination, a reasonable inspection and examination, should be made before men were set to work in the trench, to ascertain whether there were in fact any cartridges in the ledge which had not been exploded ? That is a question for you. If you say, in view of the general rule of law, and of the knowledge which you find the defendant had, or would have had in the exercise of reasonable care, such inspection, such examination, was necessary, then the question will be whether such examination was made as should have been made. And that you must determine upon all the evidence in the case in respect to that matter. . . .

" There is another ground upon which the plaintiff says he may maintain this action. The plaintiff says that upon the evidence you should find that he had no special knowledge as to the matter of blasting; that he had no special knowledge as to the danger by reason of the failure of some of the cartridges to be exploded when the attempt was made to explode all of them. And the plaintiff says that he relied upon the information given by the defendant, in view of what he assumed to be, and was justified in assuming to be, the superior knowledge of the defendant in respect to that matter. And he says, in substance, that before he went to work in the trench upon the ledge, breaking up the rock, or aiding in removing the rock from the trench, the defendant told him to go to work there,

and told him that it was safe and all right for him to go to work there.  The plaintiff says that he relied, and had the right to rely, upon that statement of the defendant, and that relying upon it he went to work and was injured, and that upon that ground he is entitled to maintain the action.

" If you find the facts to be as claimed by the plaintiff, the burden being, of course, upon the plaintiff to satisfy you that the plaintiff was in ignorance respecting the matters to which I have called your attention, that the plaintiff did rely upon the superior knowledge which he believed the defendant had, and upon the direction that the defendant gave him, and you find that the plaintiff was justified in relying upon this statement made by the defendant, then the action may be maintained upon that ground, if you find that the plaintiff, at the time of the injury, was in the exercise of due care. . . .

" It was the duty of the defendant to use reasonable care to provide the plaintiff with a safe place in which to work.  The defendant must be charged with knowledge of such facts as to the use of dynamite in blasting as he either knew or would have known by the exercise of reasonable care.  If he knew or ought to have known that dynamite cartridges sometimes failed to explode when a blast was made, it will be competent for the jury to find that it was the duty of the defendant to use reasonable care to ascertain whether any exploded cartridges were left in the ledge, and to take proper action to prevent injury to employees who were thereafter set to work in the place where such cartridges were, and by whose work such cartridges might be exploded, such employees being, without fault, ignorant of the danger to which they were exposed by reason of the unexploded cartridges."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.  The rest of the material facts appears in the opinion.

*G. W. Buck*, for the defendant.

*M. J. Creed & J. P. Crosby*, (*W. A. Buie* with them,) for the plaintiff.

KNOWLTON, J.  The plaintiff was injured by an explosion of dynamite in a trench in which he was working at shovelling and picking.  He had good reason to believe that the place

where he was working was safe, and there is no ground for a contention that he was not in the exercise of due care.

A series of holes had been drilled in the rock which the defendant was excavating, and they had been charged with dynamite and exploded by a battery. The evidence tended to show that the dynamite in one of the holes failed to explode, and that a companion of the plaintiff, who was afterwards set to work there, struck it with his pick and caused an explosion. There was evidence tending to show that the defendant knew, or ought to have known, that when a charge is set off the dynamite in one or more of the holes sometimes fails to explode, and the jury might have found that it was his duty carefully to inspect the holes, or cause them to be inspected, before setting laborers to work there shovelling and picking after a blast. There was evidence to warrant a finding that through the negligence of the defendant, or of some one representing him, no sufficient or proper inspection was made. The plaintiff testified that at half-past nine o'clock on the day of the accident, which occurred at about half-past two o'clock, the defendant told him to go to work in this place, and that everything was all right.

The general duty to provide a place for the plaintiff which was reasonably safe, having reference to the kind of business in which the defendant was engaged, was so far personal to himself as a master that he could not escape responsibility by delegating it to another. *Toy* v. *United States Cartridge Co.* 159 Mass. 313. While the plaintiff assumed the obvious risks of the business, he did not assume the risk from the failure of the defendant, either personally or through a superintendent, to perform the ordinary duties of an employer in providing against unnecessary or concealed dangers in places in which laborers were set to work. The jury were rightly permitted to pass upon the question whether the defendant was negligent in this particular. *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198, 205. *Neveu* v. *Sears*, 155 Mass. 303. *O'Driscoll* v. *Faxon*, 156 Mass. 527. *Coan* v. *Marlborough*, 164 Mass. 206. *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71. *Dean* v. *Smith*, 169 Mass. 569.

So far as the instructions requested were founded on correct principles of law and were applicable to the facts, they were covered by the charge. The exception to the admission of evidence was not argued.          *Exceptions overruled.*