WILLIAM D. HOOE *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY & others.

GARRETT E. WELCH *vs.* SAME.

ERNEST LANE *vs.* SAME.

JOHN D. DONAHUE *vs.* SAME.

Essex.   November 2, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Master and Servant.   Negligence*, Employer's liability.   *Dynamite.*

In a contract, made by a contractor with a street railway company for laying a certain line of track, a provision, that the work shall be "subject to the direction and acceptance of the engineer" of the railway company, does not give the en-

gineer any right of control or direction as to the execution of the work after indicating to the contractor what work is to be done and what materials are to be furnished, his only further right being to determine whether the work done by the contractor is acceptable, and the workmen employed are servants of the contractor and not of the railway company.

It is the duty of one employing men in blasting rocks with dynamite to make such an inspection after every blast as is necessary to guard against an accident from an unexploded portion of the dynamite remaining in one of the holes drilled to receive it, and he is liable for an injury caused by his failure to make such an inspection, although neither he nor his superintendent knew or had reason to believe that there was an unexploded charge of dynamite in any of the holes. It is enough that the master and his superintendent knew or ought to have known of such a possibility or probability of some of the dynamite remaining unexploded as to make an inspection necessary for the safety of the workmen.

A workman, employed by a contractor for work involving blasting, who is called the powder man and charges with dynamite the holes drilled by other men and explodes the charges, is not a superintendent within the meaning of the employers' liability act while he is doing this work, although he sometimes assists the superintendent in inspecting the holes after a blast to ascertain whether any dynamite has failed to explode, which is a work of superintendence for the purpose of securing to the workmen a safe place in which to work.

FOUR ACTIONS OF TORT against the Boston and Northern Street Railway Company, the Middleton and Danvers Street Railway Company and Loring N. Farnum, for personal injuries from explosions of dynamite, as stated in the first paragraph of the opinion, which occurred on a highway called the Old Salem Turnpike in North Andover, where the defendant Farnum was engaged in laying a line of track under a contract with the Middleton and Danvers Street Railway Company. Writs dated March 21 and April 16, 1902.

In the Superior Court all the cases were tried before *Lawton*, J., those of Hooe, Welch and Lane being tried together, and that of Donahue separately. In each of the cases the judge allowed the plaintiff to become nonsuit as to the defendant the Boston and Northern Street Railway Company, and ordered the jury to return a verdict for the defendant the Middleton and Danvers Street Railway Company. He submitted the cases to the jury against the defendant Farnum. In each case the jury returned a verdict for the plaintiff against the defendant Farnum, for Hooe and for Lane each in the sum of $1,500, for Welch in the sum of $4,000, and for Donahue in the sum of $2,700. The defendant Farnum alleged exceptions in each case.

*W. S. Knox,* (*W. Coulson* with him,) for Farnum.

*J. P. Sweeney,* for the Middleton and Danvers Street Railway Company.

*W. J. Bradley,* for Hooe, Welch and Lane.

*R. H. Sherman,* for Donahue.

KNOWLTON, C. J.   The first three cases were brought to recover damages caused by an explosion of dynamite on February 14, 1902, and the fourth was brought against the same defendants, to recover for a similar explosion which occurred on February 15, 1902.   The first three cases were tried together in the Superior Court, and the four were argued together in this court.   We will consider first the exceptions of the defendant Farnum in the first three cases.

The plaintiffs were admitted to have been in the exercise of due care.   The explosion occurred in the morning, while the men were at work with pick and shovel, under the direction of the superintendent of the defendant Farnum, on the mass of earth and rocks where a blast had been exploded about half past three o'clock in the afternoon of the day before.

There was evidence which well warranted the jury in finding that the accident was caused by an unexploded piece of dynamite which was left in one of the holes after the blast of the day before, and that no such inspection was made by the defendant, or his superintendent, as should have been made to guard against such an accident.   See *Hopkins* v. *O'Leary,* 176 Mass. 258.

The judge rightly declined to instruct the jury that the superintendent and workmen engaged in the work were servants of the Middleton and Danvers Street Railway Company, and not of the defendant Farnum.   Upon the undisputed facts, under the agreement in writing between Farnum and the railway company, the management, control and direction of the men employed upon the work were in the defendant Farnum, and not in the railway company.   It was a contract which gave Farnum the legal right to provide all the necessary labor and materials to complete the subgrading and ballasting of the proposed line of railroad.   By the terms of the writing he was to have " the general direction of the work," and he could be displaced only in case the progress made on the work was " not satisfactory to the railroad com-

pany," in reference to the time when he agreed to have it completed. The expression "subject to the direction and acceptance of the engineer" is similar to the common provision in building contracts, which gives the architect a right to represent the owner in determining whether the work is in accordance with the requirements of the contract. In this case the work to be done is described in the agreement very generally. Probably something as to the details of construction was understood to be left to the determination of the engineer or agent. But this did not give to the engineer any right of control or direction as to the execution of the work, after he had indicated to the contractor what was to be done and what materials were to be furnished. This further right was to determine whether the work done by the contractor was acceptable. The employees, being subject to the defendant Farnum's direction and control while engaged in working, were his servants, in reference to the rule which makes a master liable to third persons for the negligence of his servants. *Delory* v. *Blodgett*, 185 Mass. 126, and cases cited.

The third and fourth instructions requested were rightly refused. There might be a liability on the part of the defendant Farnum, even though neither he nor his superintendent knew or had reason to believe that there was an unexploded charge of dynamite there. It was enough to create a liability if they knew or ought to have known of such a possibility or probability that some of the dynamite remained unexploded as to make an inspection necessary for the safety of the workmen.

In one particular there was error in the instructions. Sheridan, who was called the powder man, was not a superintendent. He was a workman who charged the holes with dynamite and exploded the charges. He also sometimes assisted the foreman or superintendent Duggan in making an inspection after a blast, for the purpose of ascertaining whether any part of the dynamite had failed to explode. In this work of inspection, for the purpose of securing to workmen a safe place in which to work, he represented the defendant; for he was performing a part of the master's duty, for the proper performance of which the master was responsible to his servants, whether he performed it in person or delegated it to a servant. *Moynihan* v. *Hills Co.*

146 Mass. 586. But, in charging the holes and exploding the blasts, he was doing the ordinary work of a servant, like the other workmen who drilled the holes. While it was a more important part of the work than drilling, it was work which would ordinarily be done by a servant and not by the master. Negligence in doing it would not subject the master to liability to a fellow servant injured by the neglect.

The defendant requested the judge to instruct the jury that if the " accident was caused by the negligence of Sheridan, who had charge of firing the blasts of dynamite, the plaintiffs cannot recover because said Sheridan was a fellow servant of the plaintiffs." The judge declined to give the instruction, but told the jury that if " there was any negligence in setting off the blast of dynamite on the day preceding the accident, either on the part of the foreman, Duggan, or the powder man, Sheridan," they might find for the plaintiffs. If there was negligence on the part of the superintendent in failing properly to supervise this part of the work, if supervision by the master or his superintendent was necessary, the defendant would be liable. But for the negligence of the workman himself he would not be liable to other servants. While this request went too far, inasmuch as there might have been negligence of Sheridan in inspection in which he undertook to perform the master's duty, and for which the master would therefore be liable, the request directed attention to his firing the blasts, and the instruction was given in reference to that. Another part of the instructions was given in reference to his possible negligence in inspection. We are of opinion that, by the exception to the refusal to give the instruction requested and to the instructions given, the defendant saved his rights in this particular, and that a new trial should be granted.

In the trial of the fourth case, brought by Donahue, it appeared that the superintendent Collins fired the blasts, and no such request for instructions was made, and no such exception was taken. For the reasons given in the other cases, the exceptions of the defendant in this case should be overruled.

In each of the first three cases the entry will be, defendant's exceptions sustained, and in the last case, defendant's exceptions overruled.

*So ordered.*