ALEXANDER MCLELLAN *vs.* BOSTON & MAINE RAILROAD.

Middlesex.   March 26, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Agency*, What constitutes.  *Negligence*, Railroad.

Where a contractor is engaged in constructing for a railroad company an abutment for a bridge to be placed across the railroad under a contract which provides that the work shall be done under the general direction of a civil engineer of the railroad company, and the contractor, being obliged to get certain elevations and lines from the engineer, sends one of his employees to do in that regard what he is asked to do by the engineer, such employee while performing such duty under the engineer's direction does not become a servant of the railroad company.

At the trial of an action against a railroad company for personal injuries there was evidence that the plaintiff was an employee of a corporation which was constructing for the defendant abutments for bridges across the railroad tracks under a contract providing that the work should be done under the general direction of the defendant's civil engineer, that the plaintiff under orders from his employer was assisting the engineer in marking levels and elevations about the abutment and was standing on a plank, which rested in part on a form into which concrete for the abutment was being put and extended beyond the form toward the track, when the end of the plank which projected toward the railroad track was

struck by a passenger train passing on the track and he was injured, that before the accident the plank had been in position three or four hours during which trains frequently had passed, that the track curved away from the abutment at that point, that, because of the construction of the abutment, the railroad company maintained a flagman there to inform engineers of approaching trains about the work going on and to warn men standing on the timbers around the abutment of the approach of trains. *Held,* that the questions, whether the plaintiff was in the exercise of due care and whether the defendant was negligent, were for the jury.

Tort for personal injuries received by the plaintiff while at work for the Coughlin and Shiels Company, a corporation which was constructing for the defendant certain abutments for the support of a bridge over the railroad at Lowell Street in Somerville. Writ dated January 17, 1910.

In the Superior Court the case was tried before *Sherman,* J. The facts are stated in the opinion. At the close of the evidence, the defendant asked for a ruling that there was not sufficient evidence to justify a verdict for the plaintiff. The ruling was refused. The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions, which after the resignation of *Sherman,* J., were allowed by *Fox,* J.

*L. T. Trull,* for the defendant.

*W. M. Noble,* (*H. R. Morse* with him,) for the plaintiff.

RUGG, C. J. This is an action of tort at common law. The plaintiff was at work for an independent contractor who was constructing an abutment for the support of a bridge over the tracks of the defendant. The plaintiff was directed to assist a civil engineer of the defendant in marking levels and elevations about this abutment. In order to perform his work he was obliged to get upon some forms in which concrete for the abutment was being put. The plaintiff to reach his place of work used a plank, one end of which rested on the form, and the other at some point away from the tracks. He had stood upon this plank in the performance of his work for a considerable time, during which several trains passed, when a passenger train struck the plank then projecting over the form, causing the plaintiff to fall and be injured. The plank had been in position three or four hours before the accident, during which trains had been passing frequently. There was evidence that the defendant had furnished a flagman, because of the construction of the abutment, who had flagged trains and warned men standing on the timbers at the abutment of the

approach of trains, and that his place of duty was near the abutment.

1. It could not have been ruled rightly as matter of law that the plaintiff was a servant of the defendant. He had been directed by his master, who was the contractor for the construction of the abutment, to help the engineer of the defendant and do whatever was asked of him. There was a provision in the contract between the defendant and the builder of the abutment that the work should be done under the general direction of the engineer of the defendant. The contractor was obliged to get the elevations and lines from the engineer of the railroad, and the plaintiff was sent in the performance of his employer's duty to do what in this regard he was asked to do by the defendant's engineer. This is different from lending the plaintiff to a third person and placing him absolutely in the control of another. The circumstances of the present case distinguish it from *Delory* v. *Blodgett,* 185 Mass. 126. It is more nearly like *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67, and *Byrne* v. *Farnum,* 188 Mass. 219.

2. The plaintiff's due care also appears to have been a question for the jury. Although he knew that the place in which he was at work was dangerous, he also knew that the plank upon which he was standing had been for a considerable time before the accident in such position as not to be within the reach of passing trains. It cannot be pronounced negligence in him as matter of law that he continued to use it without constant inspection of its possible change of location when others were passing near it, and of the character of trains approaching.

3. The question of the defendant's negligence is a close one, but on the whole we incline to the view that it was for the jury. Although the direct cause of the accident was a striking of the plank by a passenger coach upon a moving train, the precise reason why this occurred is not plain. The plank may have projected farther toward the rail, or the passenger coach may have been slightly wider than those on other trains which had passed, or the trucks and body of the car may have been so arranged that the end may have swept farther from the rail as the train passed around the curve of the track at the abutment. Moreover, it might have been inferred that one of the duties of the flagman was to warn those upon the abutment in any danger from passen-

ger trains, as well as to warn those in charge of the train of danger at the abutment. The situation was one which called for a high degree of care from both engineer and flagman of the defendant in order to avoid the results of a collision. Under these circumstances, failure on their part to perceive a plank projecting so far as to strike a car cannot be said as matter of law to have been lacking in negligence. See *Colford* v. *New England Structural Co.* 205 Mass. 283.

*Exceptions overruled.*