IDA C. HEALEY, administratrix, *vs.* AMERICAN TOOL AND MACHINE COMPANY.

Norfolk.     January 18, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Agency,* Existence of relation, Independent contractor. *Negligence,* Causing death.

In an action by an administrator for the conscious suffering and death of his intestate alleged to have been caused by negligence of the defendant, a manufacturing corporation, the plaintiff contended that his intestate when injured was in the employ of an electrical expert who was making tests for the defendant as an independent contractor, so that he might recover under R. L. c. 171, § 2, as amended by Sts. 1907, c. 375; 1911, c. 31; and the defendant contended and asked the judge to rule as a matter of law on all the evidence that the intestate was either in the general or in the special employ of the defendant, so that under the circumstances of the case recovery was

limited to a recovery for conscious suffering. After a review of the evidence, it was *held*, that there was evidence which would warrant findings in accordance with the plaintiff's contentions, and that the ruling asked for by the defendant was refused properly.

TORT for the conscious suffering and death of E. Arthur Healey alleged to have been caused on July 22, 1911, by negligence of the defendant. Writ dated September 29, 1911.

The declaration was in seven counts. The first and second counts alleged that at the time of his injury the plaintiff's intestate was in the employ of one Comfort A. Adams, the first setting forth a claim for damages due to his conscious suffering, and the second a claim under R. L. c. 171, § 2, as amended by Sts. 1907, c. 375; 1911, c. 31, for causing his death. The third count sought recovery only for the conscious suffering of the plaintiff's intestate and alleged that the plaintiff's intestate, when injured, was in the employ of the defendant, and that his injuries were caused by a failure of the defendant to furnish him with safe and suitable appliances and to warn and instruct him of the dangers of his employment. The remaining counts set forth claims under the various clauses of the employers' liability act for the conscious suffering and death of the plaintiff's intestate. Only the first three counts were submitted to the jury.

The case was tried before *McLaughlin*, J. There was evidence tending to show that at the time of the accident to the plaintiff's intestate he was in the exercise of due care, and that his injuries and death were caused by negligence of the defendant. Other material evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiff was either in the general or special employment of the defendant. The ruling was refused.

The jury found for the plaintiff on the first count in the sum of $4,000, and on the second count in the sum of $8,000; and for the defendant on the third count. The defendant alleged exceptions.

*C. S. Knowles*, for the defendant.

*W. I. Badger*, (*C. M. Pratt* with him,) for the plaintiff.

PIERCE, J. There was no error in the refusal to rule as requested. There was direct, positive and inferential testimony from which the jury might find or infer that Professor Comfort A. Adams, for a stated sum per month, undertook to ascertain whether motors

purchased by the defendant, when used in connection with a basket or extractor made by the defendant, would do work which the defendant, in selling them in combination, specified that they would do; that in coming to a conclusion he or his assistant made many detailed tests, the choice of which or the determination of their adaptability and adequacy to the end to be attained varied with the particular fact, although not necessarily the ultimate one, to be ascertained; that the determination of the method to be pursued and of the means to be adopted, used or rejected rested in their absolute discretion and judgment; and that in the execution of the work neither he nor his assistant were bound or required to follow, if given, the defendant's direction.

The jury also might find upon positive, direct and inferential testimony that Healey the intestate was not in the general or special employment or service of the defendant; that as between Healey and the defendant there existed no contract, either express or implied in fact, upon which the relation of master and servant could be established or predicated.

In addition to the foregoing general finding, the jury could find specially that Healey was hired, paid, directed, instructed, advised and controlled in the performance of his work by Professor Adams; that the defendant never paid him, nor before the accident claimed that in paying Adams it was indirectly paying Healey as its servant; that it never had given Healey any direction or suggestion, or asserted the right to control him in the performance of the work which Adams had sent him to do, or claimed that he was bound to obey, as its servant, any proper order.

Under such finding, if made, Adams was an independent contractor, doing his own work in his own way, save so far as the terms of his contract otherwise provided. *Wood* v. *Cobb,* 13 Allen, 58. *Ward* v. *New England Fibre Co.* 154 Mass. 419. *Delory* v. *Blodgett,* 185 Mass. 126, 128. Healey under such findings was the servant of Adams and as such was not bound to obey the defendant and was not subject to its control. *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67. *McLellan* v. *Boston & Maine Railroad,* 212 Mass. 153, 155.

The single exception to the admission of testimony is not argued and is treated as waived.

*Exceptions overruled.*