ESTHER KETTLEMAN *vs.* HYMAN I. ATKINS.

Suffolk. December 6, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Of general building contractor, Independent contractor. *Agency,* Existence of relation. *Witness,* Examination, Inconsistent statements.

If the general contractor for the construction of a building, who is himself a mason and has made a contract with a subcontractor for all the carpenter work of the building, goes to the building in process of construction after the mason work is completed for the purpose of seeing that the subcontractors perform their work in accordance with their contracts, this does not make him liable for an injury caused by the negligence of an employee of the subcontractor for the carpenter work.

In an action for personal injuries against the general contractor for the construction of a building, in which the point stated above was decided, the plaintiff called the defendant as a witness, and the defendant on his direct examination made a statement that all the persons who worked on the building did so under his direction, but it was plain from his other testimony that when he said this he was referring to the subcontractors and not to the men in their employ, and it was *held* that this was no evidence that he was responsible for an injury

caused by the negligence of an employee of the subcontractor for the carpenter work.

In the case stated above it was *pointed out* that the conclusion reached in regard to the defendant's testimony was not at variance with.the well established rule that if a witness in testifying makes inconsistent statements the jury may believe some of the statements and disregard others, because the defendant's statements understood in their obvious meaning were not inconsistent.

TORT for personal injuries sustained by the plaintiff at about four o'clock in the afternoon of December 30, 1914, when she had come out of the store of one Shapiro and was on the sidewalk at the corner of Lowell Street and Causeway Street in Boston, from being struck on the head and shoulder by a new piece of wood alleged to have fallen from a building in process of construction by reason of the negligence of a servant of the defendant at work on the building, which was being erected by the defendant. Writ dated May 14, 1915.

In the Superior Court the case was tried before *Sanderson,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for him. The judge refused to do this and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $300. The defendant alleged exceptions.

The case was submitted on briefs.

*A. T. Johnson & J. P. Keefe,* for the defendant.

*H. E. Burroughs,* for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while a traveller upon a highway in Boston known as Causeway Street, by reason of a piece of moulding, which was thrown or fell from a building in process of construction, striking her and causing the injuries complained of. The only question is whether there was any evidence to warrant the jury in finding that the plaintiff's injuries were caused by the negligence of the defendant.

The defendant, who was called as a witness by the plaintiff, testified upon direct examination, in part, that his business was that of a building contractor; that he had a contract with one Shapiro to erect the building in question; that he was at the building on December 30, 1914, the day of the accident; that he "sublet the carpenter, painting and plastering." He further testified, "I had a contract to do all the work. I hired the car-

penter and painter and looked after their work and was daily on the job to see what the painter or the carpenter or anybody else did about their work." He then was asked by the plaintiff's counsel the following questions and replied as follows:

"Q. And they worked under your direction? A. Yes, under the contract. — Q. While you sublet it to different people, they all worked under your direction? A. Yes. — Q. They had to do what you said? A. Yes. — Q. And whoever did that work were all under your direction? A. Yes."

Upon cross-examination he testified "that he sublet the carpenter work and the plastering work and had a contract with the carpenter to do the carpenter work. And, when he said that the carpenter did the work under his direction, he meant he did it under the terms of his contract with him and that he was there to see that the carpenter lived up to the terms of the contract with him and to see the quality of the work. He did no carpenter work himself. His own work was mason work and the mason work had all been finished at that time. So far as he was concerned, he was doing no work on his own account on that December 30. The work that was being done was being done under contract with various subcontractors holding contract under him."

It is the contention of the plaintiff that the answers above quoted, given by the defendant in reply to direct questions put to him by the plaintiff's counsel, are evidence in the nature of an admission that the defendant was in charge of the carpenter work upon the building at the time the plaintiff was injured. We cannot agree with that contention as it is plain that the answers upon which the plaintiff relies were given in connection with the defendant's previous testimony that he had sublet the carpenter work and certain other work upon the building.

The only fair inference from the testimony of the defendant to the effect, that all the men who worked on the building so worked under his direction, is that the subcontractors so worked as he had previously testified. It would be manifestly unfair, in considering this testimony, to deal with the defendant's answers disregarding what he said with reference to having sublet the carpenter work. The only reasonable inference leads to the conclusion that, when he said that all the men who worked on the building so worked under his direction, he referred to the sub-

contractors and not to the men in their employ. So construed, there is no evidence to warrant a finding that the piece of moulding which struck the plaintiff was thrown or fell from the building by reason of the negligence of any workman for whom the defendant was legally responsible. *Conley* v. *United Drug Co.* 218 Mass. 238, 242. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338. *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67.

The defendant is not liable for the negligence of employees of independent contractors. He could rightfully go upon the premises for the purpose of inspecting the work of such subcontractors and to direct them to perform their contracts in accordance with the terms thereof. *Healey* v. *American Tool & Machine Co.* 220 Mass. 236. *Hooe* v. *Boston & Northern Street Railway, supra. Delory* v. *Blodgett,* 185 Mass. 126.

The decision herein reached is not at variance with the well established rule that, if a witness in testifying makes inconsistent statements, the jury may believe some of the statements and disregard others, or may reject them altogether. *Commonwealth* v. *Clune,* 162 Mass. 206, 215. *Root* v. *Boston Elevated Railway,* 183 Mass. 418.

Let the entry be

*Exceptions sustained.*