JOE DUART *vs.* LAFOREST L. SIMMONS.

Bristol.    October 28, 1918. — November 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act.    Longshoreman.    Agency.    Negligence,* In un-
loading vessel, Of fellow servant.  *Practice, Civil,* Exceptions, Requests and
rulings.

By St. 1913, c. 568, unchanged by St. 1914, c. 708, § 13, amending § 2 of Part V
of the workmen's compensation act by excepting from the operation of that
act "masters of and seamen on vessels engaged in interstate or foreign com-
merce," a longshoreman employed to shovel coal in discharging the cargo of a
schooner engaged in interstate commerce is not included in the exception made
by the act itself.

A longshoreman who is injured in the course of his employment in unloading the
cargo of a vessel engaged in interstate commerce while she is lying in naviga-
ble waters has received a maritime injury in maritime work and, under the
decision of the Supreme Court of the United States in *Southern Pacific Co.* v.
*Jensen,* 244 U. S. 205, the provisions of the workmen's compensation act do
not apply to him, the effect of such injuries being within the exclusive ad-
miralty and maritime jurisdiction of the United States under art. 3, § 2, of
the Constitution of the United States and the Judicial Code U. S. St. 1911,
c. 231, 36 U. S. Sts. at Large, 1161, § 256, cl. 3.

Consequently, where a longshoreman was injured when in the employ of an in-
dependent contractor, who had agreed with the proprietor of a schooner en-
gaged in carrying coal from State to State to unload a cargo of coal from the
hold of the schooner when lying in navigable waters, and where such proprietor
of the schooner was a subscriber under the workmen's compensation act, in an
action by the longshoreman against the proprietor of the schooner for his in-
juries the defendant cannot set up in defence, that the plaintiff has waived his
right of action at common law by having failed to give notice under St. 1911,
c. 751, Part I, § 5, that he claimed his right of action at common law, because
the workmen's compensation act has no application to an action for such a
maritime injury and the action must be governed wholly by the common law.

Discussion by RUGG, C. J., of the character of the workmen's compensation act
contained in St. 1911, c. 751, and amendments thereto.

In such an action at common law brought by a longshoreman injured in the manner
above described there was evidence of his due care in addition to the presump-
tion created by St. 1914, c. 553, and it was *held* that the question, whether the
defendant had shown that negligence of the plaintiff contributed to his injury,
was for the jury.

In such an action the defendant is responsible for the negligence of his own ser-
vants, who were not the fellow servants of the plaintiff because the plaintiff
was in the employ of the independent contractor and not of the defendant.

In the same action it was *said* that the defendant would not have been liable for

the negligence of the fellow servants of the plaintiff who were employed by the independent contractor, but there was no evidence of any negligence of such servants contributing to the plaintiff's injury.

A request for an instruction to the jury stating a sound principle of law which is not applicable to the evidence is refused properly.

In the same action it was *held* that there was no error in refusing to make rulings to the effect that the defendant was not responsible, if the rope whose parting caused a tub of coal to fall on the plaintiff was purchased from a reputable dealer and gave way because of a hidden flaw after being used a few times, because it appeared by the defendant's own testimony that he had owned the rope for about six months and had used it for unloading a cargo of coal before the cargo for which it was being used at the time of the accident, and the instructions given by the judge upon this point could not be said to have been insufficient under all the circumstances.

TORT by a longshoreman, employed by one Davis, an independent contractor, for personal injuries sustained on April 20, 1915, while shovelling coal in unloading a schooner, lying at the defendant's wharf and coal yards on the Taunton River in the town of Somerset, which was used by the defendant to bring coal from the State of New Jersey to his wharf. Writ dated July 23, 1915.

The defendant's amended answer contained an allegation that the negligence of the plaintiff contributed to his alleged injury and also contained the following paragraph:

"And the defendant further answering says that he was a 'subscriber' under the workmen's compensation act, so called, at the time of the alleged injury, and that he had entered into an oral contract with an independent contractor to do certain of said defendant's work, which was a part of the business carried on by the defendant, that said plaintiff was an employee of said independent contractor, that the alleged injury occurred on, in or about the premises on which the contractor had undertaken to execute the work for the subscriber, the defendant, or which was under the control or management of the subscriber, the defendant, that said plaintiff waived his right of action at common law to recover damages for personal injuries by not having given the plaintiff [defendant], at the time of his contract of hire, notice in writing that he claimed such right, but that said plaintiff is entitled to compensation under the terms of the workmen's compensation act." See St. 1911, c. 751, Part III, § 17.

In the Superior Court the case was tried before *Dubuque*, J. It appeared that the defendant had made an oral contract with

Davis to have the coal in the hold of the schooner shovelled into
tubs, and the tubs then were hoisted by the defendant's servants,
that the tubs were raised by means of a rope, that on the morn-
ing of the accident the plaintiff had filled one of the tubs, and had
just stepped back and to one side, when the rope broke and the
tub filled with coal and weighing about six hundred pounds came
down and struck the plaintiff a glancing blow on his back, in-
juring his spine, and there was conflicting evidence as to whether
or not he was permanently disabled for work. Other material
facts are stated in the opinion. At the close of the evidence the
defendant made a motion asking the judge to order a verdict for
him. The judge denied the motion. The defendant thereupon
asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff was not in the exercise
of due care.

"2. Upon all the evidence the defendant was not negligent."

"5. Upon all the evidence Laforest L. Simmons was a sub-
scriber under the workmen's compensation act, so called, at the
time of the alleged injury, and that he had entered into an oral
contract with Joe Davis, an independent contractor, to do cer-
tain of said defendant's work, which was a part of the business
carried on by the defendant, that said plaintiff was an employee
of said independent contractor, that the alleged injury occurred
on, in or about the premises on which the contractor had under-
taken to execute the work for the subscriber, the defendant, or
which was under the control or management of the subscriber,
the defendant, that said plaintiff waived his right of action at com-
mon law to recover damages for personal injuries by not having
given the plaintiff [defendant] at the time of his contract of
hire notice in writing that he claimed such right.

"6. If the jury finds that the defendant furnished suitable
ropes and appliances and put a competent man in charge of them,
then the jury must find for the defendant.

"7. If the jury finds that the rope in question was purchased
from a reputable maker and was the best rope made for the use
intended, but which broke on account of a hidden flaw after
using the same properly a few times, where the rope ordinarily
lasts for years, then the defendant is not liable.

"8. If the jury finds that the rope broke solely as a result of

the negligence of a fellow servant, then the plaintiff cannot recover."

"10. If the jury finds that the rope became chafed just prior to the accident and that the defendant could not have discovered the chafing, in the exercise of a reasonable supervision or inspection, then the defendant is not negligent.

"11. If the jury finds that the defendant furnished suitable ropes and appliances and put competent men in charge of the work, and that the rope broke because of some hidden flaw, or because of recent chafing that the defendant could not have discovered, by reasonable inspection or by negligence of a fellow servant, then the defendant cannot be found to have been negligent, and the verdict must be for the defendant.

"12. The Massachusetts workmen's compensation act does not affect the uniformity in respect to maritime matters or freedom of navigation, between the States, because it is not compulsory on either employers of labor or employees who may elect to reserve their common law rights."

The judge refused to make any of these rulings and submitted the case to the jury. The beginning of his charge was as follows:

"This is the case of Joe Duart against Laforest L. Simmons, an action brought at common law to recover damages for an injury which he suffered in unloading a coal barge in Somerset.

"At the outset I want to say to you that the defendant offered to show that he was a subscriber under the Massachusetts workmen's compensation act, and I ruled that the Massachusetts workmen's compensation act did not apply under the authority of a decision of the United States Supreme Court made in May, 1917, in the case of Southern Pacific Company against Marie Jensen, and cases following it, where it was decided in a case of this kind a State workmen's compensation act does not apply. So that this case is brought at common law, and the common law principles apply to the determination of this case as our Supreme Judicial Court has applied them in the case of Ford against the Allen Line Steamship Co., Limited, reported in 227 Mass. 109, and decided also in May, 1917.

"The plaintiff in order to recover in a case of this kind has got to show that he himself was in the exercise of due care; that the defendant was negligent, and that he suffered an injury in conse-

quence of the accident which arose out of the negligence of the defendant, or the negligence of those employed by him. A man is responsible for his own carelessness, and he is responsible for the carelessness of his servants or agents. He is responsible for carelessness in furnishing appliances to work, or in operating those appliances by his workmen, if the workmen are guilty of negligence in so operating them.

"As to the due care on the part of the plaintiff, St. 1914, c. 553, says, that when he is injured and sues for a personal injury he is presumed to be in the exercise of due care, and the burden of proof that he was not in the exercise of due care is upon the defendant, the man he has sued. So in this case the burden would be upon the defendant Simmons to show that the plaintiff himself by his own want of due care contributed to the injury."

The jury returned a verdict for the plaintiff in the sum of $10,250; and the defendant alleged exceptions.

*E. S. White,* for the defendant.

*D. R. Radowsky,* for the plaintiff.

RUGG, C. J. The plaintiff received injuries in the course of his employment by one Davis, who by an independent contract furnished the plaintiff and two other laborers to the defendant for work in shovelling coal in the hold of a schooner tied up at the defendant's wharf. The contract of Davis as independent contractor was for the performance of a part of the business carried on by the defendant on his own premises. The defendant was a subscriber under the workmen's compensation act. St. 1911, c. 751. The plaintiff's employer, Davis, was not a subscriber under that act. It is urged that the plaintiff is confined to the remedies afforded by the act. Its terms are broad enough to include an employee such as was the plaintiff, working in connection with the discharge of the cargo of a vessel engaged in interstate or foreign commerce. In this connection only "masters of and seamen on vessels engaged in interstate and foreign commerce" are excluded expressly from the operation of our act by its terms. St. 1913, c. 568. *Morrison* v. *Commercial Tow Boat Co.* 227 Mass. 237.

The accident occurred in the course of the employment of the plaintiff in the discharge of a cargo of coal from a vessel engaged in interstate commerce while she was lying in navigable waters.

His work and his injury were maritime in their nature. *Atlantic Transport Co.* v. *Improvek*, 234 U. S. 52, 59, 60. *Clyde Steamship Co.* v. *Walker*, 244 U. S. 255. By art. 3, § 2, of the Constitution of the United States, the judicial power of the United States extends "to all cases of admiralty and maritime jurisdiction." The Judicial Code, of the United States, act of March 3, 1911, c. 231, 36 U. S. Sts. at Large, 1161, by § 256, cl. 3, vests exclusive jurisdiction in the federal courts "Of all civil causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it." It was decided in *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, that the compulsory workmen's compensation act of New York was unconstitutional so far as its terms applied to maritime injuries. It is earnestly argued that the case at bar is distinguishable from the Jensen case. The grounds urged are that our act is permissive and not mandatory, as was the New York law. Under our act it is elective both with the employee and likewise with the employer whether they shall become subject to its terms. An employer, who chooses to become a subscriber under our act, is liable to the employees of his subcontractor situated with reference to his work as was the plaintiff. He has elected so to become liable. The plaintiff as employee of the subcontractor, by failing to give notice to the employer as required by Part I, § 5, of the act, has decided to become bound by the act and to waive his common law right. *White* v. *George A. Fuller Co.* 226 Mass. 1. *Young* v. *Duncan*, 218 Mass. 346. These are the cogent arguments put forward in behalf of the defendant.

The workmen's compensation act (except in Part I) is not an amendment to the common law, but the establishment of heretofore unknown obligations, compensations and methods of procedure, all differing from and in place of those afforded by the common law. The general purpose of the act was to substitute, in cases to which it is applicable, for common law or statutory rights of action and grounds of liability, a system of money payments based upon the loss of wages by way of relief for workers receiving injury in the course of and arising out of their employment. As stated in the Report of the Massachusetts Commission on Compensation for Industrial Accidents submitted in 1912,

which framed the act adopted by the Legislature (without change
except in Part V, § 3, whereby all liability insurance companies
were granted the same privileges as the Massachusetts Em-
ployees' Association in the matter of insuring), at page 46: "The
Massachusetts 'law may be briefly characterized as an elec-
tive compensation insurance law giving compensation for all
injuries arising out of employment irrespective of negligence ex-
cept those due to the serious and wilful misconduct of the injured
employee. The basic principle of the act is that the cost of in-
juries incidental to modern industry should be treated as a part
of the cost of production. The act was framed with that end in
view." The payments provided by the act are founded simply
upon such injury and are entirely disconnected with any theory
of fault on the part of the employer or right on the part of the
employee established by law before the passage of the act save
in instances of "serious and wilful misconduct." With this single
exception, considerations of fault, negligence, tort or due care are
excluded from proceedings under the act. The amounts of such
payments bear relation to the amount of wages received by the
employee, are to be determined speedily and are to be paid com-
mencing forthwith, and ordinarily are to be continued in small
instalments regularly during a given period with the privilege
of commutation by a single payment under certain restrictions.
All payments are by way of financial relief for inability to earn
wages, or for deprivation of support flowing from wages thereto-
fore received. The word "compensation" in the connection in
which it is used in the act, means the money relief afforded ac-
cording to the scale established and for the persons designated
by the act, and not the compensatory damages recoverable in
an action at law for a wrong done or contract broken.

The ground of the Jensen decision as we understand it is that
the kind of legislation represented by workmen's compensation
acts is beyond the jurisdiction of the States so far as it relates to
admiralty and maritime affairs. The reasoning of that decision
seems to us to apply equally to an elective as to a compulsory
workmen's compensation act. Consent of parties cannot confer
jurisdiction. A statute which in its nature is outside the jurisdic-
tion of the State because within the exclusive domain of the
federal government, cannot confer rights or be a bar to the en-

forcement of common law obligations. This question never before has been raised as to our act, and in several instances without discussion its provisions have been enforced as to maritime injuries. *Brightman's Case,* 220 Mass. 17. *McManaman's Case,* 224 Mass. 554. See *Gillen's Case,* 215 Mass. 96. These cases arose, however, before the decision of the Jensen case. Although our act is constitutional in its general aspects, both under the State and Federal Constitution, *Young* v. *Duncan,* 218 Mass. 346, *Hawkins* v. *Bleakly,* 243 U. S. 210, we feel constrained by the controlling authority of the Jensen case to hold that it does not apply to injuries having a maritime origin. A similar conclusion has been reached for the same reason by the Supreme Court of Wisconsin with regard to the workmen's compensation law of that State, which in respect of being optional and not compulsory resembles our own act. *Neff* v. *Industrial Commission of Wisconsin,* 166 Wis. 126. Seemingly the exclusive nature of the federal jurisdiction has been released as to cases of this sort occurring since October 6, 1917, by 40 U. S. Sts. at Large, c. 97, § 2, approved on that date, amending the Judicial Code of the United States, § 256, St. of March 3, 1911, c. 231; 36 U. S. Sts. at Large, 1161. It follows in our opinion that, by reason of the decision in the Jensen case, the plaintiff's rights and the defendant's obligations must be determined according to the common law.

There was evidence of the plaintiff's due care. Whether he moved with adequate alacrity away from under the hatch and with sufficient vigilance for his own safety watched the tub of coal were questions of fact to be decided in the light of his explicit testimony and the fall of the tub of coal and his consequent injury.

The defendant, in view of the evidence, hardly can contend that the plaintiff was a servant of the defendant and that hence the fellow servant defence will avail. The plaintiff was employed by Davis, who contracted with the defendant to unload the coal from the schooner at a given price per ton. Although all the other men at work in connection with the discharge of the cargo, except the plaintiff and his two companions who shovelled the coal into the tubs in the hold of the schooner, were employed by the defendant, and all the appliances were furnished by him, the plaintiff does not appear to have been working under the direction of

the defendant or his servants.  The plaintiff therefore can recover for injuries sustained by him through the negligence of the servants of the defendant while acting within the scope of their employment.  *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67.  *McLellan* v. *Boston & Maine Railroad,* 212 Mass. 153.

The defendant was not responsible for the conduct of the servants of Davis, the independent contractor.  If the plaintiff's injuries resulted from their negligence, he cannot recover from the defendant.  The trial does not appear to have proceeded on the theory that the plaintiff sustained injury from the negligence of his fellow employees.  A careful perusal of the record fails to disclose any conduct on their part contributing to the injury of the plaintiff.  The jury were instructed with adequate amplification that the plaintiff would be entitled to a verdict only by showing that his injury was the consequence of the negligence of the defendant or of those employed by him.  Upon this state of the evidence that was enough.  It was unnecessary to state further that the plaintiff could not recover if injured through the negligence of a fellow servant.  A request for instruction to the jury respecting a sound principle of law not applicable to the evidence is denied rightly.

There was no error in denying the requests to the effect that the defendant was not responsible if the rope, (whose parting permitted the fall of the tub upon the plaintiff,) was purchased from a reputable maker and gave way because of a hidden flaw after being used a few times.  On the defendant's own testimony, he had owned the rope for about six months and had used it for unloading one cargo of coal before the one on which it was being used at the time of the accident.  The instructions given upon this point cannot be pronounced insufficient under all the circumstances.

*Exceptions overruled.*