FRANCES G. LOWELL *vs.* BOSTON STORAGE WAREHOUSE COMPANY.

Suffolk.    May 18, 1932. — September 13, 1932.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Ordering verdict.    *Evidence,* Presumptions and burden of proof, Of delivery.

At the trial of an action of contract or tort against the proprietor of a public warehouse for nondelivery to the plaintiff, on demand, of rugs alleged to have been delivered to the defendant for storage, the plaintiff testified that she delivered to a truckman for delivery to the defendant several articles, among them a "bundle of rugs," five in number in sizes varying from eight feet by seven to about four feet by three, which had been wrapped by her about a rug pole some eight feet long and then had been done up in paper.  The truckman in direct examination by the plaintiff testified that he took from the plaintiff "everything that she set aside" and "brought them to the storehouse," "all of them."  On cross-examination he testified that he knew there was no such bundle of rugs as described by the plaintiff in what he took to the warehouse and that, because of the extreme narrowness of the stairs and corners, it would have been impossible for him to carry such rugs down the stairway of the plaintiff's apartment.  On redirect examination he testified that the only things he took to the warehouse were a trunk, a barrel, a screen, and a number of small bundles.  A witness for the defendant introduced in evidence a record of receipt by the defendant from the truckman for the plaintiff's account of goods including "1 bundle," the witness explaining that "the bundle was not a bundle of rugs because it would have been described as a bundle of rugs if it had been."  The judge refused to order a verdict for the defendant and the jury found for the plaintiff.  *Held,* that

(1) It was a question of fact, not of law, whether the truckman's testimony that he did not take rugs to the warehouse was intended by him to nullify his statement that he delivered to the defendant all that the plaintiff had delivered to him.;

(2) The meaning to be given to "bundle" as used by the plaintiff,

the truckman, and the defendant's witness was for the jury, not for the judge;

(3) It was proper to refuse to order a verdict for the defendant on the ground that there was no evidence of delivery of the rugs to the defendant.

CONTRACT OR TORT, with a declaration in two counts, the first in contract and the second in tort.  Writ dated December 5, 1928.

In the Superior Court, the action was tried before *Cox,* J. Material evidence is stated in the opinion.  The judge refused to order a verdict for the defendant.  There was a verdict for the plaintiff in the sum of $650.  The defendant alleged exceptions.

*W. T. Snow,* for the defendant.

*P. A. Northrup,* for the plaintiff.

WAIT, J.  The question presented by this bill of exceptions is whether there was error in refusing to direct a verdict for the defendant.  The plaintiff sued the defendant, keeper of a public warehouse, for rugs delivered to it and not redelivered on demand.  The defendant denied that it ever received the rugs.

There was evidence that the plaintiff had goods in storage with the defendant from May, 1924; and, in January, 1926, decided to break up housekeeping and to store other articles with it.  She testified that she employed one McCabe, a truckman, to take these articles and deliver them to the defendant; and that on January 2, 1926, McCabe came to her apartment and took away a barrel of china, a wardrobe suitcase, a screen and the rugs, describing them as a "bundle of rugs."  The rugs, five in number in sizes varying from eight feet by seven to about four feet by three, had been wrapped by her about a rug pole some eight feet long and then done up in paper.  No receipt or writing was received by the plaintiff at this time from the defendant. The defendant introduced evidence that it had a record of receipt from McCabe on January 2, 1926, for the plaintiff's account, of "1 barrel, two trunks, 1 carton, 1 bundle, 1 screen."  The witness testified that "the bundle was not a bundle of rugs because it would have been described

as a bundle of rugs if it had been." McCabe, called as a witness for the plaintiff, testified that he called at her apartment on January 2, 1926, where she gave him some furnishings with instructions to take them to the defendant's warehouse. "Q. 'Did you take all the furniture she gave you, and furnishings?' A. 'I took everything that she set aside.' — Q. 'And what did you do with it?' A. 'I brought them to the storehouse.' — Q. 'All of them?' A. 'Yes.'" He further testified, on cross-examination, that the plaintiff gave him no rugs in January, 1926; that he had carried bundles of rugs hundreds of times and knew there was no such bundle as described by the plaintiff in what he took to the warehouse, and that, because of the extreme narrowness of the stairs and corners, it would have been impossible for him to have carried the rugs described by himself down the stairway of the apartment. On redirect examination he testified that the only things he took to the warehouse were a trunk, a barrel, a screen, and a number of small, little bundles. Employees of the defendant testified to going to the plaintiff's room in the warehouse with her, where they had never seen the bundle of rugs in question; and that the plaintiff at such times had never made any claim that the rugs were missing. In November of 1928 the plaintiff, resuming housekeeping, employed McCabe to get her goods from the warehouse. The bundle of rugs was not among the goods he brought. She had paid the storage charges.

The trial judge was right in refusing to direct a verdict on the ground that there was no evidence of delivery of the rugs to the defendant. It was not for him to determine what the witness McCabe had intended to testify, and the amount of credit to be given to the various portions of the evidence. The plaintiff's testimony that McCabe took a bundle of rugs from her apartment, McCabe's testimony that he took all the goods that she set aside and delivered them to the defendant, the defendant's record of receipt of articles so nearly, though not identically, the same as the plaintiff's and McCabe's testimony of what McCabe

took at the apartment, furnish evidence of delivery to the defendant which the judge could not properly disregard. It was matter of fact, not matter of law, whether McCabe's testimony that he did not take rugs was intended by him to nullify his statement that he delivered to the defendant all that the plaintiff delivered to him. The meaning to be given to "bundle" as used by the plaintiff, McCabe, and the defendant's witnesses was for the jury, not for the judge. Without doubt occasions arise where the interpretation to be given to particular testimony is matter of law, and where a jury cannot properly be permitted to wrest part from a clear and consistent context so as to attribute to a witness a statement which he did not make. *Kettleman* v. *Atkins*, 229 Mass. 89, 91. *Ebert* v. *Haskell*, 217 Mass. 209, 212. See *Tupper* v. *Boston Elevated Railway*, 204 Mass. 151, 153. Here, however, the witness's meaning is not indubitable. It is possible to believe that McCabe meant what he said and was telling the truth when he said he delivered all that he received and received all that the plaintiff had to deliver, but was in error in saying no rugs and no such bundle of rugs as the plaintiff described were delivered to him. As was said in *Le Baron* v. *Old Colony Street Railway*, 197 Mass. 289, 291: "It is only when 'the court can find no evidence which, in its deliberate and ultimate judgment, is entitled to be weighed' that 'the jury should be instructed in terms that there is no evidence to support the burden of proof which rests upon the party.'"

*Exceptions overruled.*