## COMMONWEALTH vs. ROBERT McCUE.

Suffolk.  Nov. 27. — 28, 1876.  ENDICOTT, DEVENS & LCRD, JJ., absent.

A motion to quash a complaint for informality cannot be made for the first time in the Superior Court.

An officer, who makes a seizure under a search-warrant and makes a return thereon, may testify as to what he found upon the premises searched.

At the trial of a complaint charging the defendant with illegally exposing and keeping for sale intoxicating liquors, evidence that over the store, where the liquors were found, was a sign upon the street, with its number and the name of the defendant, is admissible, although at that stage there was no evidence of his proprietorship, such evidence being subsequently offered.

At the trial of a complaint, charging the defendant with illegally keeping and exposing for sale intoxicating liquors on July 28, 1876, the defendant testified that he sold and leased the premises, where the liquors were found, on July 1, 1876. The record of a conviction of the defendant on July 13, 1875, for keeping an open shop on the Lord's day at the same premises, was admitted for the sole purpose of affecting his credibility, and the jury were so instructed.  To rebut the defendant's testimony an affidavit made by him on August 30, 1876, in offering himself as bail, that he owned the premises in question, was admitted in evidence.  *Held*, that the defendant had no ground of exception.

At the trial of a complaint, charging the defendant with illegally keeping and exposing for sale intoxicating liquors, with intent unlawfully to sell the same, the jury were instructed that there must be an offer of the liquor by exposing it to those who might become purchasers; that, if the liquor was concealed or deposited where its presence could not be known to the public, it was not exposed for sale within the St. of 1875, c. 99; and that a man might have liquor, and intend to sell it, but unless he exposed it for sale, he committed no offence.  *Held*, that no exception lay to a refusal to instruct the jury that "there must be the overt act of offering for sale; while intent may exist in a man's mind, and no act be done in pursuance of such intent."

COMPLAINT under the St. of 1875, c. 99, § 1, to the Municipal Court of the city of Boston, averring that the defendant on July 28, 1876, at Boston, "unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth."

At the trial in the Superior Court, before *Gardner*, J., on appeal, the defendant verbally moved to quash the complaint, "because it did not allege and charge in a correct legal manner an offence, and because it purported and charged an offence unknown to the law."  The judge overruled the motion.  No motion to quash had been made and filed in the case prior to this motion.

P. A. Mahony, an officer,-testified that, on July 28, 1876, he had a search-warrant for the premises 291 Federal Street, where the government contended that the defendant exposed and kept liquors for sale, and that on such warrant he made a seizure. The witness was then asked what he seized. It appeared that he had made a return upon the warrant. The defendant objected to any evidence of what was done except by the return. The judge permitted the witness to state what he found.

The government then offered evidence tending to prove that over the store 291 Federal Street there was a sign of " 291. Robert McCue. 291." No other evidence had been then offered of McCue's proprietorship; and it appeared that when the officer went to seize, and while there on the premises, the defendant was not there at all. The defendant objected to the introduction of the sign at that stage of the case; but the judge admitted the evidence, the district attorney stating that he proposed to show that the defendant kept the place. Evidence was afterwards offered by the government, tending to show that the defendant was the proprietor of the place. It was contended by the defendant, and there was evidence tending to show, that the premises consisted of two stores divided by a partition with a door in it connecting the two stores ; that the defendant carried on a grocery store at the part nearest to Summer Street. The defendant offered evidence tending to show that the barroom was numbered " 291½ " and the grocery " 291." The defence was that the liquors were not intended for sale in violation of law, and also that, on July 1, 1876, one McBurney bought out and leased the bar-room, and ran it on July 28, 1876, and was the person responsible for the bar-room at that date. Both the defendant and McBurney testified to that effect. In reply the government offered the record of a conviction of the defendant on July 13, 1875, of keeping an open shop at 291 Federal Street, Boston, on the Lord's day. To this the defendant objected ; but the judge admitted the evidence for the sole purpose of affecting the credit of the defendant, who had been a witness at the trial ; and, in charging the jury, warned them not to regard this evidence excepting so far as it bore upon the credibility of the defendant as a witness in the case. The government was also permitted, aga·nst the defendant's objection,

to introduce an affidavit made and sworn to on August 30, 1876, by the defendant in offering himself as bail, wherein he stated that he was worth $3000, consisting of stock and fixtures of shop " 291 Federal Street." This evidence was submitted to the jury, under instructions as to its effect, with the other evi· dence in the case not objected to by the defendant.

The government contended and offered evidence tending to show that there was but one number, namely, " 291," and that this number applied to the entire premises, which were divided into a bar-room and a grocery.

The defendant requested the judge to instruct the jury as follows : " 1. To constitute the statute offence, the keeping and exposing of intoxicating liquors, and an intent to sell the liquor, at all events, without authority of law, must be proved to the satisfaction of the jury to a moral certainty and beyond a reasonable doubt. 2. There must be the overt act of offering for sale ; while intent may exist in a man's mind, and no act be done in pursuance of such intent. 3. There must be an offer of the liquor by exposing it to those who might become purchasers. If the liquor is concealed or deposited where its presence cannot be known to the public, it is not exposed for sale within the meaning of the statute. The three words are to be taken together to get at the sense of the statute. 4. A man may have liquor and intend to sell it ; but, unless he exposes it for sale, he commits no offence under this complaint."

The judge gave the first, third and fourth requests for instruc tions, but refused to give the second.

The jury returned a verdict of guilty ; and the defendant alleged exceptions, of which only those which were argued are reported.

*G. W. Searle*, for the defendant.

*C. R. Train*, Attorney General, *& W. C. Loring*, Assistant Attorney General, for the Commonwealth, were not called upon.

BY THE COURT. The exceptions cannot be sustained. All the points which were argued are too plain to require discussion. Those which were not argued must be assumed to have been **waived.**                                        *Exceptions overruled.*