AUGUSTUS D. IASIGI *vs.* JOHN F. SHEA.

Suffolk.   January 14, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trover — Misappropriation of Money — Default — Waiver.*

An objection, that trover is not the proper remedy to recover money intrusted by the plaintiff to the defendant for the payment of the plaintiff's debts and appropriated by the defendant to his own use, is waived by a default.

TORT. The declaration was as follows: " And the plaintiff says, the defendant has converted to his own use large sums of money, the property of the plaintiff, and in the possession of the defendant, and to him delivered by the plaintiff as his (the plaintiff's) attorney for the payment of certain bills of the plaintiff." Answer, a general denial. Trial in the Superior Court, before *Lathrop*, J., who allowed a bill of exceptions, in substance as follows.

The defendant was defaulted, and the case subsequently came on to be heard on the question of assessment of damages. The plaintiff's evidence tended to show that in January, 1885, he delivered certain moneys to the defendant, and checks payable to his order, and gave him a power of attorney to draw moneys deposited in a trust company; that the defendant cashed the checks, and drew out certain moneys under the power; that these moneys and power of attorney were delivered to the defendant to pay certain bills and accounts, which it was admitted the defendant had properly expended, except the sum

of $863.91; and that at an interview between the plaintiff and the defendant, when the accounts between the parties were gone over, the defendant signed the following instrument: "Boston, October 23, 1885. I agree to settle, by a good negotiable note for $575, the claims Augustus D. Iasigi has against me." The defendant offered no evidence.

The judge instructed the jury that they would be justified in considering the paper signed by the defendant as an admission on his part that the amount mentioned therein was due, but refused to rule, as requested by the defendant, that under the pleadings no such damages had been shown as would warrant the jury in awarding damages to the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. B. Callender & J. W. Low,* for the defendant.

*T. J. Homer,* (*G. L. Clarke* with him,) for the plaintiff.

MORTON, C. J. By his default, the defendant waived his right to object that trover would not lie in this case. He thereby admitted that he had converted to his own use money belonging to the plaintiff, and the only question submitted to the court was the amount he had thus appropriated. It is too late for him to object that he appropriated the money under such circumstances that trover is not the proper remedy. The defendant contends that the declaration is so defective that no judgment can be rendered on it, and that any judgment on it would be set aside on a writ of error. This is not so. Trover will lie for the conversion of money under certain circumstances, as, for instance, for coins in a bag, or bills in a package. *Dwight* v. *Brewster*, 1 Pick. 50. *Beatty* v. *Randall*, 5 Allen, 441. *Cushing* v. *Wells, Fargo & Co.* 98 Mass. 550. The plaintiff might prove a case under his declaration which would entitle him to recover, and it is not fatally bad on a general demurrer. The defendant's request was for a ruling, in substance, that trover would not lie. It was too late for him to take this ground, and the Superior Court rightly refused the request. The other exception to the instruction as to the writing signed by the defendant is not pressed, and we treat it as waived.

*Exceptions overruled.*