JOHN MᶜMANUS *vs.* PETER H. DONOHOE.

Middlesex.    November 13, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bond — Declaration — Pendency of Previous Action — Replevin — Proof of Breach — Application of Bond to Writ.*

A declaration contained four counts, each of which alleged in the opening sentence. that the defendant made to the plaintiff " a bond, a copy of which is hereto annexed marked 'A' in " a certain action of replevin   The first and third counts each alleged also that, on a day named, a certain person as principal and the defendant as surety made and delivered to the plaintiff a bond, " a copy of which is hereto annexed marked 'A,' with condition," which had been broken; and the second and fourth counts each contained similar allegations, but described the copy of the bond annexed as marked "B." Annexed to the declaration were copies of two bonds precisely alike and marked respectively "A" and "B." *Held*, that the declaration contained counts on both bonds.

In an action on two bonds, the pendency of a previous action upon one of the bonds is pleadable only in abatement, and not having been so pleaded it is not error for the judge to refuse to require the plaintiff to elect which bond he will rely on, especially if the plaintiff states that he will consent to judgment for the defendant for costs in the previous action; and no ground appears in this case on which the plaintiff's right to recover could be limited to one bond if he proved breaches of both.

In an action on two bonds given in replevin suits, the parties to both of which are the same, and there being evidence tending to show that each bond was intended to apply to one particular writ, and that there had been a breach of each bond, the defendant is not entitled to a ruling that the plaintiff had failed to prove a breach of the bonds because he was unable to show, except by testimony varying the returns, to which replevin writ each bond related.

If, in an action on two bonds given in replevin suits, the returns on the replevin writs do not show to which writ each bond applies, it is open to the plaintiff to show what the fact is.

CONTRACT.    The declaration, as amended, contained four counts, each of which alleged in the opening sentence that the defendant made to the plaintiff " a bond, a copy of which is hereto annexed marked ' A,' in the action of replevin hereinafter referred to."    The first and third counts each alleged also that, on September 5, 1894, Catherine Riley, as principal and the defendant as one of the sureties " gave and entered into and delivered to the plaintiff a joint and several bond, a copy of which is hereto annexed marked ' A,' with condition," etc., and

that the condition had been broken ; and the second and fourth counts contained similar allegations, but described the copy of the bond annexed as marked " B." Annexed to the declaration were copies of two bonds precisely alike and marked respectively " A " and " B."

Trial in the Superior Court, before *Lilley*, J., who allowed a bill of exceptions, in substance as follows.

On September 4, 1894, Michael Lally brought an action by writ returnable to the Police Court of Lowell, against John Lamb, and the plaintiff in the present action, who was a constable of Lowell, to whom the writ was delivered for service, made an attachment thereon of a horse and wagon.

On the same day Edward N. Wood and George C. Evans, copartners as E. N. Wood and Company, also brought an action, by writ also returnable to the same court, against Lamb, and the present plaintiff attached the same horse and wagon on the writ.

On the following day, Catherine Riley, claiming to be the owner of the horse and wagon, procured two replevin writs to be issued from that court for the purpose of regaining possession of the property from the present plaintiff. Both of these replevin writs were delivered for service to George F. Stiles, a deputy sheriff, who, before taking the property from the present plaintiff, took from Riley the two bonds in suit. The horse and wagon were then taken by Stiles, and delivered into the possession of Riley, or her agent.

It appeared in evidence that judgments were recovered by Lally and by E. N. Wood and Company against Lamb, which have never been satisfied in any part, and that the two replevin suits were both prosecuted to final judgment, the judgment in each being for a return of the property, with damages for its detention, which judgments have never been satisfied.

The plaintiff testified as a witness at the present trial, but, except only by directly contradicting the terms of both of his returns upon the two writs, in respect both to the order of priority of the two attachments of the horse and wagon, and also in respect to the time when the horse and wagon were taken from him under the writs of replevin, was unable to specify in any way which one of the two bonds applied to either of the two replevin writs.

Stiles also testified as a witness, but, except, only by directly contradicting the terms of both of his returns upon the writs of replevin, in respect to the approval of the sureties upon the two bonds, and excepting further by directly contradicting the terms of the returns of the present plaintiff, in the respects as above mentioned, upon the two writs, was unable to specify in any way which one of the bonds applied to either of the two replevin writs. The defendant contended that the plaintiff could in no event recover upon more than one of the bonds; that in order to prevail upon that, he must show by legal proof a continuous relationship, the same at the time of trial as at the time of the taking on replevin, existing between one of the two bonds to the exclusion of the other, and one of two replevin writs to the exclusion of the other; and that legal proof of such relationship could not be made in contradiction of the returns of the officer upon the replevin writs, so far as the returns bore upon the subject of the relationship.

Upon the issue as to the relationship at the time of the original taking on replevin and at the time of the trial, between the bonds and writs, Stiles was asked, on cross-examination, to indicate which of the two bonds he accepted and relied upon when making the replevin upon each of the two writs, and thereupon he connected with one replevin writ a bond approved by himself as being the bond given and accepted in support of that particular writ; and with the other writ a bond approved by the attorney of the defendant named in the replevin writ as the one given and accepted in support of that writ.

The judge thereupon, in order to avoid confusion ordered the clerk to permanently attach to each writ as indicated by Stiles the bond which the latter designated as belonging with it. This the clerk then did, by pasting upon each of the replevin writs the bonds so associated by Stiles in his evidence. No objection was made by the defendant to such order of the court, or of the clerk's complying therewith, and the two writs, each with the bond so attached thereto by the clerk, were given to the jury without objection upon their retiring to consider their verdict.

There was no other evidence in the case to distinguish which of the two bonds applied to each writ of replevin. It was un-

disputed that both of the bonds were executed by the defendant at the same time and before the same had been accepted by Stiles.

Upon the close of all the evidence, the defendant asked the judge to rule that the plaintiff, by reason of his inability to show to which of the replevin writs either of the bonds related except by testimony varying the terms of the returns upon each writ, had failed to prove such a breach of the conditions of the bonds as to entitle him to recover, and that therefore a verdict should be ordered for the defendant. The judge declined so to rule.

The trial of the case proceeded until the close of the evidence upon the assumption, so far as the defendant was concerned, that a recovery was sought upon one only of the bonds, and after the close of the evidence the defendant requested the judge to require the plaintiff to elect upon which of the replevin writs he relied; but upon the plaintiff informing the judge that he would consent to a judgment for costs for the defendant in another action between the same parties upon one of the bonds, which action was originally instituted at the same time as the action at bar, and was then pending in the Supreme Judicial Court, for the Commonwealth, upon appeal, the Judge declined to require the plaintiff so to elect.

The defendant requested the judge to instruct the jury as follows:

" The plaintiff is bound in this action by the returns of himself, and the deputy sheriff, upon the two writs of replevin, and upon the two earlier writs under which the property in question was attached, and, unless it affirmatively appears from the several returns, independent of extraneous evidence, to which particular one of the two replevin writs each of the two bonds relate, the verdict must be for the defendant." The judge declined to give such instruction.

The jury returned a verdict for the plaintiff for the penal sum of both bonds; and the defendant alleged exceptions.

*N. D. Pratt,* for the defendant.

*J. S. Patton,* ( *C. Cowley* with him,) for the plaintiff.

MORTON, J. As we construe the amended declaration, to the allowance of which no exception or objection appears to have

been taken, it contained counts on both bonds; and though the defendant may have supposed that bond A was the only one in suit, the legal effect of the declaration was otherwise. There is nothing to show that the defendant was misled at the trial by anything that the plaintiff said or did, even supposing that if he had been he could avail of it here for the first time. The pendency of the previous action was pleadable only in abatement, (*Mattel* v. *Conant*, 156 Mass. 418,) and not having been so pleaded, there was no error on the part of the court in refusing to require the plaintiff to elect which bond he would rely on, especially in view of the plaintiff's statement that he would consent to judgment for the defendant for costs in the previous action.

We see no ground on which the plaintiff's right to recover could be limited to one bond if he proved breaches of both. *Morse* v. *Hodsdon*, 5 Mass. 314, 317. The amount of the damages is another matter.

At the trial evidence was introduced without objection (whether by the plaintiff or the defendant does not appear) tending to contradict the returns on the writ of attachment and writs of replevin and to show that each bond related to a different replevin writ from that indicated by the return thereon. The defendant asked the court to rule at the close of all the evidence that the plaintiff had failed        prove a breach of the bonds because he was unable to show except by testimony varying the returns to which replevin writ each bond related. He also asked the court to instruct the jury that unless it appeared affirmatively from the returns on the writs of replevin and attachment "independent of extraneous evidence, to which particular one of the two replevin writs each of the two bonds relate" the plaintiff could not recover. The court refused, and we think rightly, to give the ruling and instruction asked for.

Both bonds were declared on, and the parties to both were the same. There was evidence tending to show that each bond was intended to apply to one particular writ, and that there had been a breach of each bond. Even if the jury had been unable to determine the precise relation of the bonds to the writs, that fact would have constituted no valid objection to a recovery by the plaintiff since the defendant could not have been harmed

by their inability to do so. But the returns themselves afforded evidence tending to show which bond applied to each writ and were before the jury. The ruling asked for assumed that the plaintiff was unable to show the relation except by testimony contradicting the returns and was objectionable, therefore, on that ground also.

As to the instruction requested it is enough to say that if the returns on the replevin writs did not show to which writ each bond applied it was open to the plaintiff to show what the fact was. *Hovey* v. *Lovell*, 9 Pick. 68. *Townsend* v. *Newell*, 14 Pick. 332. *Commonwealth* v. *McCue*, 121 Mass. 358. *Garity* v. *Giyie*, 130 Mass. 184. There is no rule of law which requires that it should have affirmatively appeared in the returns to which writ each of the bonds related. It was sufficient if it appeared that a bond had been taken in connection with each writ as required by statute.                                 *Exceptions overruled.*