MARY L. SWAIN & another, trustees, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 8, 1905. — June 21, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil*, Exceptions. *Boston Elevated Railway Company. Elevated Railway. Damages.*

Exceptions not argued are considered waived.

On a petition under St. 1894, c. 548, § 8, against the Boston Elevated Railway Company for damages to the petitioner's property from the location, construction, maintenance and operation of the respondent's elevated railway, the petitioner is not entitled to damages for any annoyance or injury suffered by the customers of tenants in the petitioner's buildings from their horses being frightened by the operation of the road when driven to the premises, the suffering from this inconvenience being a condition common to all persons driving horses in that vicinity.

No exception lies to a refusal to give an instruction in the language requested if it was given in substance.

PETITION, filed July 9, 1901, under St. 1894, c. 548, § 8, by the owners of land and the buildings thereon numbered from 2364 to 2372 inclusive on Washington Street in that part of Boston called Roxbury, for damages to that property from the location, construction, maintenance and operation of the respondent's elevated railway.

In the Superior Court the case was tried before *Maynard*, J. The jury returned a verdict for the petitioners, assessing damages in the sum of $6,938; and the respondent alleged exceptions, raising the questions stated by the court and others which are held to have been waived because not argued.

*C. F. Choate, Jr., J. L. Hall & R. A. Stewart*, for the respondent, submitted a brief.

*F. N. Nay*, ( *W. N. Swain* with him,) for the petitioners.

BRALEY, J. The exceptions of the respondent to the exclusion of certain questions asked one of the petitioners on cross-examination for the purpose of eliciting evidence, that after the road was constructed the value of the estate was enhanced, because the wall of the brick building used before for the display of advertisements, now would be observed by passengers on the trains, and to the instructions to the jury on this branch of the case, have not been argued, and they must be considered as waived.

This leaves as the only question for our determination whether the instruction requested, that the petitioners could not recover damages for any annoyance or injury suffered by the customers of tenants of the buildings from the fright of their horses when driven to the premises, and caused by the operation of the road, should have been given. It is not contended that either by the condition of the property, or the use for which it was fitted, its rental value would substantially be diminished by the possibility that this might occur, and the present case is clearly to be distinguished from *Baker* v. *Boston Elevated Railway*, 183 Mass. 178.

While, without objection, evidence was introduced that horses had been frightened, such an occurrence cannot be considered upon the evidence as an element of damage for which they were entitled to recover. This inconvenience was general in character, and not confined to those having occasion to trade with the tenants, but was a condition common to all driving horses in that vicinity. *Quincy Canal* v. *Newcomb*, 7 Met. 276, 283.

An instruction that this circumstance did not diminish the commercial value of the property, but was outside of the liability of the respondent, thus became applicable.

If, however, the request properly could have been given as framed, the refusal to rule in the language requested, when followed by an instruction to the same effect, was all that the respondent rightly could ask, and it has no just ground of exception. *Norwood* v. *Somerville*, 159 Mass. 105, 112. *Graham* v. *Middleby*, 185 Mass. 349, 354.

Upon looking at the ruling given, it appears that the jury

were instructed that no recovery could be had for any injury suffered from this cause, and that the damages to be assessed must be confined strictly to acts which made the estate less available for the use to which it was adapted.

*Exceptions overruled.*