EDWARD C. GILLARD'S (dependents') CASE.

Suffolk.    November 16, 17, 1922. — February 26, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, To whom act applies; Procedure: certification, appeal. *Jurisdiction. Constitutional Law*, Admiralty and maritime jurisdiction, Construction of statute favoring constitutionality. *Statute*, Construction favoring constitutionality.

The words of the workmen's compensation act, G. L. c. 152, are broad enough to include within the provisions of the act maritime torts except and so far as jurisdiction of the General Court in that particular is excluded by the grant in art. 3, § 2 of the Federal Constitution of power and jurisdiction to the federal courts in "all cases of admiralty and maritime jurisdiction."

Applying the rule that a statute, which would be unconstitutional as applied to a certain class of cases and is constitutional as applied to another class, may be construed to have been intended to apply only to the latter class if such construction seems in harmony with the general purpose of the Legislature, the workmen's compensation act must be and is interpreted as intended only to operate upon the classes of employment and injury within the jurisdiction of the General Court.

The language of the workmen's compensation act, in view of its beneficent purpose, ought not to be narrowed any further than jurisdictional bounds demand.  Per RUGG, C. J.

The dependents of a carpenter who, while employed in assisting in completing an uncompleted vessel lying at dock in navigable waters, received an injury in the course of and arising out of his employment from which his death resulted, are not precluded from maintaining a claim under the workmen's compensation act, G. L. c. 152, by art. 3, § 2 of the Federal Constitution granting judicial power to the federal courts in "all cases of admiralty and maritime jurisdiction." Following *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469.

Upon certification to the Superior Court under G. L. c. 152, § 11, of an order or decision of the Industrial Accident Board, entered upon a review of a decision of a single member, and of all papers in connection therewith, it is the duty of a judge of that court to whom the matter is presented to order the entry of such decree as the law requires on the facts found as disclosed in the record, even though such decree reverses rulings made by the Industrial Accident Board and is contrary to the board's decision.

Where a single member of the Industrial Accident Board and the board on review have heard a claim of a dependent of an employee for compensation under the workmen's compensation act by reason of the death of the employee, the board has decided that the claim is not within the jurisdiction of the act and, upon certification to the Superior Court of the decision and of all papers in connection therewith, the record shows explicitly that the questions raised before the board were "(1) jurisdiction; (2) dependency," it is not open to the insurer, upon an appeal from a decree of the Superior Court reversing the ruling of the board and ordering the payment of compensation, to contest in this court for the first time that the record did not warrant a decree for the dependents because there were no findings that the employee elected to come under the act and that he was not injured by his own serious and wilful misconduct.

Upon the record above described, it appeared that, with the certification filed in the Superior Court was a paper entitled "Presentation of Papers," which read as follows: "Now comes . . . the employee in the above-entitled cause, and presents to the Court the findings and decisions of the Industrial Accident Board on review, and all papers delivered to him, the employee, by the Industrial Accident Board, and asks that a decree be entered thereon without waiving his right to appeal on such decree as may be entered.  By his Attorney, J. F. K." J. F. K. was the name of the attorney who had represented the dependent claimants before the Industrial Accident Board.  In this court for the first time the insurer contended that the case was informally entered in the Superior Court, because the presentation was not in the name of the claimants.  *Held*, that the contention came too late, the court having jurisdiction of the cause and of the parties.

From the record of the proceedings above described, it appeared that both the single board member and the Industrial Accident Board on review stated

"dependency" as one of the "questions" presented for their decision. While the entire evidence was reported, there was no express finding of fact by the single member or by the board concerning dependency. Without a finding, the judge of the Superior Court ordered the entry of a decree directing payment of compensation to two "minor children of said deceased employee." Upon the argument in this court of an appeal from the decree, the insurer did not argue the question whether dependency was established. *Held,* that such question must be taken to have been waived.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act, G. L. c. 152, § 11, of a decision of the Industrial Accident Board, with accompanying papers, that the board had no jurisdiction of a claim under the act by dependents of Edward C. Gillard, who received an injury in the course of and arising out of his employment by Bethlehem Shipbuilding Corporation, which resulted in his death.

The certified copies of the decision and papers from the Industrial Accident Board were filed in the Superior Court on January 23, 1922, with a document entitled "Presentation of Papers," which read as follows: "Now comes Edward C. Gillard, the employee in the above-entitled cause, and presents to the Court the findings and decisions of the Industrial Accident Board on Review, and all papers delivered to him, the employee, by the Industrial Accident Board, and asks that a decree be entered thereon without waiving his right to appeal on such decree as may be entered. By his Attorney, J. F. Kiley." The record disclosed that the attorney who presented the claim for the claimants before the Industrial Accident Board was named Jeremiah F. Kiley.

Other material facts relating to the procedure before the single member of the Industrial Accident Board and before the board upon review and material evidence set out in the record are described in the opinion. The case was heard in the Superior Court by *Hammond,* J., who, by a decree described in the opinion, ordered compensation paid to the dependent children of the employee. The insurer appealed.

*E. Field,* (*C. C. McCarthy* with him,) for the insurer.

*J. F. Kiley* & *J. D. Taylor,* for the claimants.

RUGG, C.J. This is a proceeding under the workmen's compensation act. The case was heard by a board member, who stated as agreed facts that the employee received an injury in the course of and arising out of his employment on the ship "Cohasset" on

November 14, 1918, and that the employer had knowledge of the injury. He then stated that the questions were "(1) The insurer contends that the injury occurred in a ship on navigable waters and, therefore, the board is without jurisdiction; and (2) dependency." The board member made a report of the evidence, found that the injury "occurred on navigable waters," and ruled that the case was not within the jurisdiction of the board and dismissed the claim. The industrial accident board on review stated the "Questions" to be "(1) Jurisdiction; (2) dependency," found that the "report of the Board Member contains all the material evidence" and affirmed the ruling of the board member on the jurisdictional ground. The case then came before the Superior Court, where a decree was entered reciting that it "was agreed by the parties that at the time of the injury for which compensation is sought, the employee was engaged in the work of original construction of a vessel which had theretofore been launched," adjudging "that the work of the employee at the time of said injury was non-maritime in its nature," and ordering the insurer to make payments to the two "minor children of said deceased employee" at the rate of $10 per week. It was agreed that the wages of the employee were sufficiently large to entitle total dependents to that sum as the maximum.

The original claimants were Annie M. Gillard, alleged widow, and Jessie and George C. Gillard, minor children. During the hearings before the board member Annie M. Gillard withdrew as claimant, leaving the minor children as the only claimants.

The reported evidence, which was not contradicted in any particular and which manifestly formed the basis of the findings of fact of the board member and to which resort may be had as background for the findings of the industrial accident board, was in substance that the ship "Cohasset" was launched on November 3, 1918, at the Quincy yard of the Fore River Shipbuilding Corporation into the Fore River, which is navigable water; that the ship then was towed around to the dock, to which it was tied with manila and steel wire lines; that a portable gangway, which was lifted over the side of the ship and which was not secured in any way except by its own weight, was put on board for workmen to get on and off the ship; that the ship was then about seventy-five per cent completed, no engines, boilers or machinery except some

piping being then installed; that all these were put into the ship while she was tied up to the dock; that after completion the ship was delivered to the government, and that the employee was doing some kind of carpentering work in connection with the completion of the ship while she was to that end tied up to the dock.

The words of G. L. c. 152, § 1, cl. 4, are that "Employee" as used in the act, means "every person in the service of another under any contract of hire, express or implied, oral or written, except masters of and seamen on vessels engaged in interstate or foreign commerce. . . ."

The words of the workmen's compensation act, now G. L. c. 152, formerly St. 1911, c. 751, are broad enough in their scope to include maritime torts except and so far as jurisdiction of the General Court of Massachusetts in that particular is excluded by the grant of power to the United States in "all cases of admiralty and maritime jurisdiction." U. S. Const., art. 3, § 2; art. 1, § 8. In several instances jurisdiction under the workmen's compensation act over an injury which might have been argued to be maritime in its nature was taken without the point being raised, discussed or thought of. *Gillen's Case*, 215 Mass. 96. *Brightman's Case*, 220 Mass. 17. *McManaman's Case*, 224 Mass. 554. The only significant point in this connection is that by a verbal interpretation of our workmen's compensation act, apart from constitutional considerations, maritime torts are included. *Dorman's Case*, 236 Mass. 583, 584. Although these words are broad enough, as mere matter of grammatical construction, to include strictly maritime torts exclusively within admiralty jurisdiction, yet it is familiar law (to quote the words of Chief Justice Knowlton) that "a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature." *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241. *Manchester* v. *Popkin*, 237 Mass. 434, 440. *United States* v. *Standard Brewery, Inc.* 251 U. S. 210, 220. The workmen's compensation act, therefore, must be and is interpreted as intended only to operate upon the classes of employment and injury within the jurisdiction of the General Court. On the other hand the words of the act and its chief aim render the conclusion

irresistible that the General Court intended to make the act applicable to all classes of injuries therein described which are within its jurisdiction. "The statute is as broad as the jurisdiction of the Commonwealth." *Kinney* v. *Treasurer & Receiver General*, 207 Mass. 368, 369.

In none of the cases which have come before us since the decision of *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, have we undertaken to delimit the jurisdiction of the Commonwealth under the workmen's compensation act further than to apply to specific cases the principles of that decision as we understood them. *Duart* v. *Simmons*, 231 Mass. 313; *S. C.* 236 Mass. 225. *Sterling's Case*, 233 Mass. 485. *Proctor* v. *Dillon*, 235 Mass. 538, 544, 545. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. The language of that act, in view of its beneficent purpose, ought not to be narrowed any further than jurisdictional bounds demand.

So far as our own decisions are concerned, we are quite at liberty to extend the workmen's compensation act to any case to which it is applicable under adjudications of the Supreme Court of the United States, and it is our duty so to extend it in order to effectuate the intention of the Legislature.

It seems to us that the case at bar is indistinguishable on its facts from those in *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469. That was a proceeding in admiralty to recover damages for personal injuries to an employee while at work as carpenter on a partially completed vessel lying at dock in navigable waters within the State of Oregon. In that State there was operative a workmen's compensation act, which in effect gave both to employer and to employee an option to accept or reject the law and which, if not rejected, made the relief afforded thereby to the employee in lieu of all claims against his employer for injuries or death, with exceptions not here relevent. Neither the employer nor employee took the steps necessary to reject the act and thereby both came within its operation. It was held that, although the injury was maritime because occurring in navigable waters, nevertheless the exclusive features of the Oregon workmen's compensation act applied and abrogated the right to recover damages in an admiralty court which otherwise would exist. It was said, 257 U. S. 475, 476, that the contract for the construction of the vessel "was non-maritime, and although the incompleted structure upon

which the accident occurred was lying in navigable waters, neither Rohde's [the employee's] general employment, nor his activities at the time had any direct relation to navigation or commerce. *Thames Towboat Co.* v. *The Schooner 'Francis McDonald,'* 254 U. S. 242. The injury was suffered within a State whose positive enactment prescribed an exclusive remedy therefor. And as both parties had accepted and proceeded under the statute by making payments to the Industrial Accident Fund it cannot properly be said that they consciously contracted with each other in contemplation of the general system of maritime law. *Union Fish Co.* v. *Erickson*, 248 U. S. 308. Under such circumstances regulation of the rights, obligations and consequent liabilities of the parties, as between themselves, by a local rule would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations. *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Western Fuel Co.* v. *Garcia, ante*, 233. 'The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this court that it must now be treated as settled. . . . The workmen's compensation law of Oregon declares that when a workman subject to its terms is accidentally injured in the course of his employment he 'shall be entitled to receive from the Industrial Accident Fund hereby created the sum or sums hereinafter specified and the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death. . . .' In *Western Fuel Co.* v. *Garcia, supra*, [257 U. S. 233] we recently pointed out that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter might be modified or supplemented by State statutes. The present case is controlled by that principle. The statute of the State applies and defines the rights and liabilities of the parties. The employee may assert his claim against the Industrial Accident Fund to which both he and the employer have contributed as provided by the statute, but he can not recover damages in an admiralty court. This conclusion accords with *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Chelentis* v. *Luckenbach S. S. Co.* 247 U. S. 372; *Union Fish Co.* v. *Erickson*,

248 U. S. 308; and *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149. In each of them the employment or contract was maritime in nature and the rights and liabilities of the parties were prescribed by general rules of maritime law essential to its proper harmony and uniformity. Here the parties contracted with reference to the State statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

Our workmen's compensation act differs in no essential particular from the Oregon act as described in the opinion in the Rohde case, so far as affects the case at bar. An employer who becomes insured according to our workmen's compensation act is required to give notice thereof to his employees, G. L. c. 152, § 21, to those who thereafter enter his employment, § 22, and the employee is held to have waived all his common law rights of action if he does not within a specified time give to his employer written notice that he claims such rights, § 24, and the filing of a claim under the act or acceptance of payment from the insurer or submission to a hearing constitutes also a release of all claims at law by the employee to his insured employer, § 23. The employer who insures under the act is relieved from all statutory liability under the employers' liability act. G. L. c. 152, § 68. Thus it is wholly optional with both the employer and the employee whether to become subject to the act or to stay out of it. Each has an absolute choice to act according to his own conceptions of his interests. Only when both concur in accepting it, does the act become operative. When both employer and employee exercise their option to accept the provisions of the act, a method of accident insurance according to schedules established by the act for all injuries sustained by the employee, including death arising out of and in the course of his employment, is substituted for common law and other statutory rights and liabilities for such injuries and death. *Young* v. *Duncan,* 218 Mass. 346. The purpose of the General Court by the workmen's compensation act was to take away from employees, who become subject to its provisions by failing to give notice of a reservation of their common law rights, all other remedies against their insured employers for injuries arising out of and in the course of their employment, and to substitute the wider right of compensation under the act. The remedies provided under the work-

men's compensation act are exclusive of all other relief and obligation to employees and employers who voluntarily adopt its provisions. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Zygmuntowicz* v. *American Steel & Wire Co. of New Jersey*, 240 Mass. 421. *McDonnell* v. *Berkshire Street Railway*, 243 Mass. 94.

The circumstance that in Oregon both parties contribute to an industrial accident fund, while under our act the employer alone incurs expense by becoming insured in accordance with G.L.c. 152, §§ 52 to 65, both inclusive, seems to us immaterial to the issues here depending. So also is the express provision of that act including ship building. Our act is equally operative upon that branch of industry although not specified. There is no essential difference between the words of that act, that rights thereunder shall be "in lieu" of other claims, and the terms of our act in making remedy thereunder exclusive of all others against the employer. See, in this connection, *State Industrial Commission of New York* v. *Nordenholt Corp.* 259 U. S. 263; *Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *New Bedford Dry Dock Co.* v. *Purdy*, 258 U. S. 96; *Netherlands American Steam Navigation Co.* v. *Gallagher*, 282 Fed. Rep. 171, 180 (C. C. A.). See, however, *Hoof* v. *Pacific American Fisheries*, 279 Fed. Rep. 367 (C. C. A.).

As we understand the decision in *Grant Smith-Porter Ship Co.* v. *Rohde*, 257 U. S. 469, it is precisely applicable to the facts of the case at bar. It follows that jurisdiction of the case at bar is vested in the tribunals of this Commonwealth under the workmen's compensation act and under the Constitution of the United States.

It was the duty of the Superior Court to enter such decree as the law required on the facts found even though contrary to the decision of the Industrial Accident Board. *McNicol's Case*, 215 Mass. 497, 502. *Bell's Case*, 238 Mass. 46, 52. Therefore he was entirely within his judicial function in reversing the rulings of law of the board member and of the Industrial Accident Board as to jurisdiction, which may well have been made before the decision in the Rohde case came to their attention.

The insurer contends that the record does not warrant a decree for the dependents because there is no finding that the employee elected to come under the act, or that he was not injured by his own serious and wilful misconduct. There is nothing in these contentions. The insurer raised no such points before either the board

member or the Industrial Accident Board. The report of each stated explicitly that the questions raised were (1) jurisdiction and (2) dependency. The insurer must be taken to have waived all other questions and cannot raise them now for the first time. If there was any mistake in the record, appropriate proceedings for its correction should have been taken seasonably. *Doherty's Case,* 222 Mass. 98.

The suggestion that there was informality in entering the case in the Superior Court made for the first time in this court also comes too late. That court had jurisdiction of the cause and the parties. *Paige* v. *Sinclair,* 237 Mass. 482.

There is no express finding of fact concerning dependency of the minor children. That is stated both by the board member and by the Industrial Accident Board to have been one of the "questions" presented for their decision. Neither made any decision of that question. It seems pretty clear that dependent minor children are conclusively presumed to be wholly dependent upon the father with whom they live in the absence of claim by a widow. G. L. c. 152, § 32, cl. c. *McNicol's Case,* 215 Mass. 497. *Murphy's Case,* 224 Mass. 592, 595. *Gritta's Case,* 236 Mass. 204. The fact of dependency may have been agreed in the Superior Court as basis for the decree. However that may be, the insurer has not argued this point and therefore, under the familiar general rule, it must be treated as waived. *Commonwealth* v. *McCue,* 121 Mass. 358, 360. *Iasigi* v. *Shea,* 148 Mass. 538. *Swain* v. *Boston Elevated Railway,* 188 Mass. 405. *Chiappini* v. *Fitzgerald,* 191 Mass. 598.

*Decree affirmed.*