ANNIE M. SILVA, administratrix *de bonis non*, *vs.* GORTON PEW FISHERIES COMPANY LIMITED.

Essex.   February 6, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Federal Longshoremen's and Harbor Workers' Compensation Act. Stevedore. Jurisdiction,* Maritime matters. *Admiralty. Negligence,* Toward stevedore. *Actionable Tort.*

A stevedore, employed by a fisheries corporation insured under the Federal longshoremen's and harbor workers' compensation act and injured while helping to unload a steamer of more than eighteen tons net on navigable waters of the United States, was within the protection of that act, and an action at law could not be maintained against his employer under U. S. C. (1934 ed.) Title 46, § 688, for his death due to alleged negligence.

TORT. Writ in the Superior Court dated September 22, 1936.

A verdict for the defendant was ordered by *Collins*, J.

*J. M. Marshall*, for the plaintiff.

*E. J. Garity*, for the defendant.

LUMMUS, J. The essential facts are agreed. The plaintiff's intestate was employed as a stevedore by the defend-

ant for sixty cents an hour, unloading salt from the hold of a steamer of more than fourteen hundred tons net tonnage, while the steamer was on navigable waters at the dock of the defendant in Gloucester. The shippers of the salt engaged and provided at the expense of the steamer a winchman, who was a regular member of the crew and not employed by the defendant, to hoist the salt in a bucket furnished, as was the hook by which it was attached to the rope, by the defendant. While so working, on October 18, 1934, the plaintiff's intestate was struck by the bucket, and received injuries from which he died, without conscious suffering, on October 22, 1934. It was alleged, but not agreed, that the injuries and death were caused by negligence of the defendant.

The Federal statute under which the action was brought is U. S. C. (1934 ed.) Title 46, § 688, which provides that "in case of the death of any seaman as a result of any such personal injury [i.e. in the course of his employment] the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." The statute was put into that form by amendment contained in the merchant marine act of June 5, 1920, c. 250, § 33, 41 U. S. Sts. at Large, 1007. The provision as to "jurisdiction" does not exclude the jurisdiction of State courts. *Bainbridge* v. *Merchants & Miners Transportation Co.* 287 U. S. 278.

The defence is, that having secured by insurance payment of compensation to its employees under the Federal longshoremen's and harbor workers' compensation act of March 4, 1927, c. 509, 44 U. S. Sts. at Large, 1424, U. S. C. (1934 ed.) Title 33, §§ 901–950, the defendant was relieved of other liability. The judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

The longshoremen's and harbor workers' compensa-

tion act provides that the liability of the employer under that act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death," where payment of compensation under the act has been secured by insurance, as in this case. U. S. C. (1934 ed.) Title 33, § 905.  But compensation is payable under the act for disability or death of an employee only "if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."  U. S. C. (1934 ed.) Title 33, § 903 (a).  It is plain that the injury occurred upon the navigable waters of the United States, and that recovery through workmen's compensation proceedings might not validly have been provided by the law of this Commonwealth.  *Atlantic Transport Co. of West Virginia* v. *Imbrovek*, 234 U. S. 52.  *Crowell* v. *Benson*, 285 U. S. 22, 39–42.  *Minnie* v. *Port Huron Terminal Co.* 295 U. S. 647.  *Duart* v. *Simmons*, 231 Mass. 313.  *Wolf's Case*, 285 Mass. 181, 186.  *Nogueira* v. *New York, New Haven & Hartford Railroad*, 281 U. S. 128, 135.  *Northern Coal & Dock Co.* v. *Strand*, 278 U. S. 142.  *Employers' Liability Assurance Corp. Ltd.* v. *Cook*, 281 U. S. 233.  *Lauzon's Case*, 302 Mass. 294.

Then follows in the act a special limitation upon compensation under that act, upon which this case turns.  It is as follows: "No compensation shall be payable in respect of the disability or death of (1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net . . ."  U. S. C. (1934 ed.) Title 33, § 903 (a).  A person described in that limitation is not within the word "employee" as used in the act.  U. S. C. (1934 ed.) Title 33, § 902 (3).

The plaintiff contends that the plaintiff's intestate was a

"member of a crew" of the vessel being unloaded, and consequently not an "employee" under the longshoremen's and harbor workers' compensation act, nor entitled to its protection, nor barred from seeking another remedy against the employer.

It is true that a stevedore is held to be a "seaman" within the section of the merchant marine act under which this action is brought, on the ground that loading and unloading the vessel constituted a service formerly performed by the crew, and liability to a person under that act for an injury in the course of that service ought not to depend upon the accident of his being employed by the ship or by another. *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50. *Buzynski* v. *Luckenbach Steamship Co. Inc.* 277 U. S. 226. *Northern Coal & Dock Co.* v. *Strand,* 278 U. S. 142, 145, 146. *Jamison* v. *Encarnacion,* 281 U. S. 635, 639. *Uravic* v. *F. Jarka Co. Inc.* 282 U. S. 234. *Warner* v. *Goltra,* 293 U. S. 155, 156. *Puget Sound Stevedoring Co.* v. *State Tax Commission,* 302 U. S. 90, 92. *Baltimore & Ohio Railroad* v. *Zahrobsky,* 68 Fed. (2d) 454.

But though a stevedore is a "seaman" within that act, it does not follow that he is a "member of a crew" of a "vessel" and consequently excluded from the longshoremen's and harbor workers' compensation act. In *Nogueira* v. *New York, New Haven & Hartford Railroad,* 281 U. S. 128, 136, Hughes, C.J., said, "It appears that the bill [which became the longshoremen's and harbor workers' compensation act] originally excluded a master or members of a crew of a vessel, but was amended so as to extend to them the benefits of compensation (House Rep. No. 1767, 69th Cong., 2d sess.). As these seamen preferred to remain outside of the provisions of the bill, they were finally excluded and the bill was passed with the exceptions above-quoted. (Cong. Rec., 69th Cong., 2d. sess., vol. 68, pt. 5, p. 5908.) There was no exclusion of stevedores or of those sustaining injuries upon navigable waters in loading or unloading a vessel unless it was under eighteen tons net." See also *Warner* v. *Goltra,* 293 U. S. 155, 160. In *Uravic* v. *F. Jarka Co. Inc.* 282 U. S. 234, 239, Holmes, J., said,

"While the § 33 [U. S. C. (1934 ed.) Title 46, § 688] is construed to give the rights of seamen to stevedores, it does not say or mean that stevedores are to be regarded as seamen on the particular vessel upon which for the moment they happen to be at work." We think that the plaintiff's intestate was within the protection of the longshoremen's and harbor workers' compensation act, and that the remedy under that act is exclusive of any other remedy against the employer. *Moore* v. *Christiensen Steamship Co.* 53 Fed. (2d) 299. *Samuels* v. *Munson Steamship Line, Inc.* 63 Fed. (2d) 861. *Hunt* v. *Bank Line, Ltd.* 35 Fed. (2d) 136. *Johnsen* v. *American-Hawaiian Steamship Co.* 98 Fed. (2d) 847. *Colvin* v. *Kokusai Kisen Kabushiki Kaisha*, 72 Fed. (2d) 44. *Doll* v. *Scott Paper Co.* 91 Fed. (2d) 860.

*Exceptions overruled.*